# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

GOLDY RAYBON,
Defendant and Appellant.

[And four other cases*]

S256978

Third Appellate District
C084853

Sacramento County Superior Court
09F08248

August 12, 2021

Justice Groban authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Cuéllar, and Jenkins concurred.

Justice Kruger filed a concurring and dissenting opinion, in which Justice Cuéllar concurred.

---

* *People v. Cooper* (No. C084911 [Super. Ct. No. 13F03230]); *People v. Davis* (No. C084960 [Super. Ct. No. 08F07402]); *People v. Haynes* (No. C084964 [Super. Ct. No. 12F00411]); *People v. Potter* (No. C085101 [Super. Ct. No. 06F11185]).

PEOPLE v. RAYBON

S256978

Opinion of the Court by Groban, J.

This case requires us to interpret Proposition 64, the
Control, Regulate and Tax Adult Use of Marijuana Act (Prop.
64, as approved by voters, Gen. Elec. (Nov. 8, 2016) (Proposition
64 or the Act)). The question we must answer is whether
Proposition 64 invalidates cannabis-related convictions under
Penal Code section 4573.6, which makes it a felony to possess a
controlled substance in a state correctional facility. Although
Proposition 64 generally legalizes adult possession of cannabis,[1]
it contains several exceptions. One such exception provides that
the Act does not amend or affect "[l]aws pertaining to smoking
or ingesting cannabis or cannabis products on the grounds of, or
within, any facility or institution under the jurisdiction of the
Department of Corrections and Rehabilitation . . . ." (Health &
Saf. Code, § 11362.45, subd. (d).) The Attorney General
contends this exception applies to violations of Penal Code
section 4573.6, meaning that possession of cannabis in a
correctional facility remains a felony. Defendants[2] disagree,

---

[1]    In 2017, the Legislature replaced all references to
"marijuana" in the Health and Safety Code with the term
"cannabis." (Stats. 2017, ch. 27, §§ 113–160.) Thus, although
Proposition 64 used the term "marijuana," we refer to the
amended terminology "cannabis" throughout this opinion.

[2]    Defendants are Goldy Raybon (No. C084853), Anthony L.
Cooper (No. C084911), Dwain Davis (No. C084960), Scott

1

arguing that because the exception only refers to "[l]aws pertaining to smoking or ingesting cannabis," it does not apply to laws that merely criminalize *possession* of cannabis.

Ultimately, we find the Attorney General's proposed reading of Health and Safety Code section 11362.45, subdivision (d)[3] to be more persuasive. As discussed below, the phrase "[l]aws pertaining to smoking or ingesting cannabis" (*ibid.*) is broad enough to encompass statutes that criminalize possession. Moreover, there is no law that makes it a crime to smoke, ingest or use cannabis (or any other form of drug) in prison. Instead, the Legislature has taken a " ' "prophylactic" ' " approach to the problem of drug use in prison by criminalizing only the possession of such drugs. (*People v. Low* (2010) 49 Cal.4th 372, 388 (*Low*).) Thus, under defendants' interpretation, section 11362.45, subdivision (d)'s carve-out provision would fail to preserve *any* preexisting law regulating cannabis in prisons from being "amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed]" (§ 11362.45), and would instead render the possession and use of up to 28.5 grams of cannabis in prison entirely lawful. It seems unlikely that was the voters' intent. Stated differently, it seems implausible that the voters would understand the requirement that Proposition 64 does not "amend, repeal, affect, restrict, or preempt" any "[l]aws pertaining to smoking or ingesting cannabis" (§ 11362.45, subd. (d)) to convey that, as of the date of the initiative's enactment, possessing and using up to 28.5 grams of

---

Wendell Haynes (No. C084964), and James Potter (No. C085101).

[3]    Unless otherwise noted, all further statutory citations are to the Health and Safety Code.

cannabis would now essentially be decriminalized in prisons. In our view, the more reasonable interpretation of section 11362.45, subdivision (d) is that the statute is intended "to maintain the status quo with respect to the legal status of cannabis in prison." (*People v. Perry* (2019) 32 Cal.App.5th 885, 893 (*Perry*).) Thus, possession of cannabis in prison remains a violation of Penal Code section 4573.6.

## I. BACKGROUND

The five defendants in this case were each found in possession of less than 28.5 grams of cannabis in a state prison and were subsequently convicted of violating Penal Code section 4573.6. Most of the defendants were serving time for a prior serious or violent felony at the time of their possession offenses, resulting in second-strike sentences that added several years to their current term.[4]

In 2016, the voters passed Proposition 64, which makes it lawful for persons aged 21 years and older to engage in various types of conduct involving cannabis, including the possession of up to 28.5 grams of cannabis (approximately one ounce), subject to certain exceptions. (See Voter Information Guide, Gen. Elec.

---

[4]     Four of the five defendants were incarcerated at the time of their possession violation: defendant Goldy Raybon, who admitted a prior strike and was sentenced to a consecutive term of four years; defendant James Potter, who was found to have a prior strike and was sentenced to a consecutive term of six years; defendant Anthony Cooper, who was found to have a prior strike and was sentenced to a consecutive term of six years; and defendant Dwayne Davis, whose sentence is not indicated in the record. The fifth defendant, Scott Haynes, brought concentrated cannabis into a prison to give to an inmate. Haynes's sentence is not stated in the record, but he was on probation at the time he filed his petition for relief.

(Nov. 8, 2016) text of Prop. 64, § 4.4, p. 180 (Voter Guide); Health & Saf. Code, § 11362.1, subd. (a).)[5] The initiative also includes a remedial provision that allows persons currently serving a sentence for a cannabis-related crime that is no longer an offense under Proposition 64 to file a petition requesting the dismissal of their sentence. (Voter Guide, *supra*, text of Prop. 64, § 8.7, p. 207; § 11361.8, subd. (a).) Acting pursuant to that new provision, defendants filed petitions in the Sacramento County Superior Court arguing that their sentences for violating Penal Code section 4573.6 should be dismissed because adult possession of less than an ounce of cannabis in prison no longer qualifies as a crime.

The district attorney opposed the petitions, asserting that Penal Code section 4573.6 falls within an exception set forth in Health and Safety Code section 11362.45, subdivision (d) stating that Proposition 64 has no effect on laws "pertaining to smoking or ingesting cannabis or cannabis products" in state correctional facilities. (§ 11362.45, subd. (d) (hereafter section 11362.45(d)).) The trial court agreed and issued orders denying the petitions. Defendants appealed to the Third District and their cases were consolidated for purposes of argument and decision.

While the appeal was pending, the First District issued *Perry*, *supra*, 32 Cal.App.5th 885, which held that "Proposition 64 did not affect existing prohibitions against the possession of marijuana in prison or otherwise affect the operation of Penal

---

[5] The Voter Guide is available at <https://vig.cdn.sos.ca.gov/2016/general/en/pdf/complete-vig.pdf> (as of Aug. 10, 2021); all Internet citations in this opinion are archived by year, docket number, and case name at <http://www.courts.ca.gov/38324.htm>.

Code section 4573.6." (*Id.* at p. 890, italics omitted.) Like the trial court in this case, the First District concluded that the phrase " '[l]aws pertaining to smoking or ingesting cannabis [in prison]' " implicitly extends to possession under Penal Code section 4573.6 because the possession of cannabis is directly related to smoking or ingesting the substance. (*Perry*, at p. 891.)

The Third District disagreed with *Perry* and held that the phrase "pertaining to smoking and ingesting" was not "intend[ed] to include a third distinct activity, possession." (*People v. Raybon* (2019) 36 Cal.App.5th 111, 121 (*Raybon*).) The court further held that the clear and unambiguous intent of the phrase "pertaining to" was "to describe the . . . means of [cannabis] consumption" that do "not strictly involv[e] smoking or ingesting, such as inhal[ing] as a non-burning vapor or appl[ying] topically such that it is absorbed through the skin." (*Ibid.* ["there is no ambiguity [in section 11362.45(d)]"].) Having found the "conduct underlying [defendants'] convictions is no longer criminal under Penal Code section 4573.6," the Court of Appeal directed the superior court "to enter orders granting the petitions for relief." (*Raybon*, at p. 126.)

The Attorney General filed a petition for review seeking resolution of the following question: "Did Proposition 64, which generally legalized the simple possession of less than an ounce of cannabis, also legalize such possession in state prisons and other custodial institutions?"**[6]**

---

**[6]** During the pendency of our review, the Fourth and Sixth Districts issued published decisions rejecting *Raybon*, *supra*, 36 Cal.App.5th 111, and agreeing with *Perry's* conclusion that Proposition 64 was not intended to affect laws criminalizing the possession of cannabis in prison. We granted review in those

## II.  DISCUSSION

### A.  *Legal Framework*

#### *1. Statutory prohibitions on cannabis possession prior to Proposition 64*

Division 10 of the Health and Safety Code comprises the California Uniform Controlled Substances Act.  (§ 11000 et seq.) Chapter 2 of the act contains schedules listing the controlled substances that are subject to the provisions of division 10, which includes cannabis.[7]  (See § 11054, subd. (d)(13).)  Chapter 6 of the act describes offenses associated with controlled substances, and article 2 (§ 11357 et seq.) sets forth offenses related to cannabis.  Prior to Proposition 64, section 11357 made it a crime to possess nonmedical cannabis and set forth the applicable punishments for such conduct.  (See former § 11357, subd. (a); Voter Guide, *supra,* text of Prop. 64, § 8.1, pp. 204–205.)

Penal Code section 4573 et seq. "place restrictions on possessing and importing drugs and other contraband in custody."  (*Low, supra,* 49 Cal.4th at p. 382.)  Two of these provisions target the possession of drugs in custodial settings. The offense at issue here, Penal Code section 4573.6 , makes it a felony to knowingly "possess[] in any state prison, . . . or in any county . . . or city jail, . . . any controlled substances, the

_____

matters and deferred further action pending our resolution of this case.  (See *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted Aug. 12, 2020, S262935 (*Whalum*); *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted Oct. 14, 2020, S264339 (*Herrera*).)  To date, no published Court of Appeal decision has agreed with *Raybon*.

[7]      Unspecified statutory references to "division 10" in this majority opinion are to this act.

possession of which is prohibited by Division 10 . . . of the Health and Safety Code . . . , without being authorized to so possess . . . by the rules of the Department of Corrections, [the] rules of [the correctional facility] or by the specific authorization of the [persons in charge of the facility] . . . ." (Pen. Code, § 4573.6, subd. (a).) A violation of this section is "punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." (*Ibid*.) Penal Code section 4573.8 has broader application, making it a crime to possess "in any state prison . . . drugs in any manner . . . or alcoholic beverages, without being authorized to [so] possess the same by [the] rules of the [prison]." This latter section is also a felony, but carries a lesser sentencing range of 16 months, two or three years. (See Pen. Code, §§ 18, 4573.8.) Because both offenses are felonies, persons convicted under Penal Code section 4573.6 or 4573.8 who have previously been convicted of a serious or violent felony — likely a common situation given that both statutes involve conduct committed while on the grounds of a correctional facility — will have their sentence doubled unless the trial court elects to remove the prior strike. (See Pen. Code, §§ 667, subd. (e)(1), 1385, subd. (b); *People v. Romero* (1996) 13 Cal.4th 497, 504 (*Romero*).) Other similar provisions prohibit bringing controlled substances and other forms of drugs into prisons or causing such substances to be brought into prisons. (See Pen. Code, §§ 4573, 4573.5.)

These statutes, which target the possession rather than the consumption of unauthorized drugs in prison, "flow from the assumption that drugs . . . and other contraband promote disruptive and violent acts in custody, including gang involvement in the drug trade. Hence, these provisions are viewed as ' "prophylactic" ' measures that attack the ' "very

presence' ' of such items in the penal system." (*Low, supra,* 49 Cal.4th at p. 388.) There is no law that criminalizes the actual consumption of drugs in a custodial setting.

### 2. *Proposition 64*

In November 2016, voters enacted Proposition 64, which was intended "to establish a comprehensive system to legalize, control and regulate the cultivation, processing, manufacture, distribution, testing, and sale of nonmedical marijuana, including marijuana products, for use by adults 21 years and older, and to tax the commercial growth and retail sale of marijuana." (Voter Guide, *supra*, text of Prop. 64, § 3, p. 179.) In addition to regulating the production and sale of nonmedical cannabis, the Act was intended to "[p]ermit adults 21 years and older to use, possess, purchase and grow nonmedical marijuana within defined limits . . . as set forth in [the Act]." (*Id.*, § 3, subd. (*l*).)

Proposition 64's legalization provision, set forth in newly added section 11362.1, subdivision (a), provides in relevant part: "Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis; [¶] (2) Possess . . . not more than eight grams of cannabis in the form of concentrated cannabis . . . ; [¶] (3) Possess, plant, cultivate, harvest, dry, or process not more than six living cannabis plants . . . ; [¶] (4) Smoke or ingest cannabis or cannabis products; and [¶] (5) Possess, . . . use, . . . or give away cannabis accessories to

persons 21 years of age or older without any compensation whatsoever."

Section 11362.3, subdivision (a) places limitations on the possession and use of cannabis, directing that "[s]ection 11362.1 does not permit any person to" (among other things): "Smoke or ingest cannabis or cannabis products" in a public place (§ 11362.3, subd. (a)(1)); "Smoke cannabis or cannabis products within 1,000 feet of a school" while children are present (*id*., subd. (a)(3)); "Possess an open container . . . of cannabis or cannabis products" while in a car or other form of motor vehicle (*id*., subd. (a)(4)); "Possess, smoke, or ingest cannabis or cannabis products" on the grounds of a school when children are present (*id*., subd. (a)(5)); "Smoke or ingest cannabis or cannabis products while driving" a motor vehicle or while "riding in the passenger seat or compartment of a motor vehicle" (*id*., subd. (a)(7), (8)).

The penalties for engaging in any of these prohibited activities are set forth in newly added section 11362.4. (See Voter Guide, *supra*, text of Prop. 64, § 4.7, pp. 181–182.) Proposition 64 also amended former section 11357, which had previously criminalized the possession of nonmedical cannabis. (See *ante*, at p. 6.) As amended, section 11357 now sets forth the penalties for possessing cannabis in quantities that exceed the limits described in section 11362.1 or by persons under the age of 21. (See Voter Guide, *supra*, text of Prop. 64, § 8.1, pp. 204–205.)

Section 11362.45, also added by Proposition 64, describes various categories of laws and rules the Act does not affect or restrict. Of particular importance here, the section provides: "Section 11362.1 does not amend, repeal, affect, restrict, or

preempt . . . [¶] . . . [¶]    (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."  (§ 11362.45(d).)

Other subdivisions of section 11362.45 exempt "[l]aws making it unlawful to drive or operate a vehicle . . . while smoking, ingesting, or impaired by, cannabis or cannabis products . . ." (§ 11362.45, subd. (a)) and "[l]aws providing that it would constitute negligence or professional malpractice to undertake any task while impaired from smoking or ingesting cannabis or cannabis products" (§ 11362.45, subd. (e)).  The section also preserves the "rights . . . of public and private employers to maintain a drug and alcohol free workplace . . . ."  (§ 11362.45, subd. (f)) and allows government and private entities to prohibit any of the conduct permitted under section 11362.1 in government buildings or on private property (§ 11362.45, subds. (f) & (g)).

Finally, Proposition 64 added remedial provisions for persons convicted of a cannabis-related crime "who would not have been guilty of an offense, or who would have been guilty of a lesser offense under [the Act]."  (§ 11361.8, subd. (a);  see *id.*, subd. (e).)   Section 11361.8, subdivision (a) allows persons currently serving a sentence for such an offense to "petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by [the Act]."

B. *Rules of Construction Governing Voter Initiatives*

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' [Citation.] Where a law is adopted by the voters, 'their intent governs.' [Citation.] In determining that intent, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being 'aware of existing laws at the time the initiative was enacted.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 879–880.)

" 'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.' [Citation.]" (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037.) However, where "statutory ambiguity exists," our role is "to ascertain the most reasonable interpretation." (*People v. Canty* (2004) 32 Cal.4th 1266, 1277 (*Canty*).) In making that determination, we may " 'refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685 (*Rizo*).)

C. *Analysis*

The question we must decide in this case is whether, after Proposition 64, possession of less than an ounce of cannabis in a

state correctional facility remains a violation of Penal Code section 4573.6. The Attorney General argues Proposition 64 has no effect on section 4573.6 offenses because the statute qualifies as a "[l]aw[] pertaining to smoking or ingesting cannabis" within the meaning of Health and Safety Code section 11362.45(d). Defendants disagree, contending that section 11362.45(d) only exempts laws "involving [the] *consumption* of marijuana in prison," and therefore does not extend to possession offenses.

As an initial matter, we disagree with the Court of Appeal's conclusion that "there is no ambiguity" (*Raybon*, *supra*, 36 Cal.App.5th at p. 121) in section 11362.45(d). In our view, both parties have presented reasonable interpretations of the statute. (See *People v. Dieck* (2009) 46 Cal.4th 934, 940 ["A statutory provision is ambiguous if it is susceptible of two reasonable interpretations"].) As the defendants argue, had the drafters intended to carve out laws that prohibit possession of cannabis in prison, they could have simply included the word "possession" in section 11362.45(d), just as they did in other sections of the Act. (See, e.g., § 11362.3, subd. (a)(5) [the Act does not permit a person to "[p]ossess, smoke, or ingest cannabis or cannabis products" on school grounds].) On the other hand, as the Attorney General asserts, had the drafters meant to limit section 11362.45(d)'s application to laws that actually prohibit smoking or ingesting cannabis in prison, they could have simply used the phrase "laws *prohibiting* smoking or ingesting." Instead, the drafters chose the modifying term "pertaining to" (*ibid.*), suggesting they intended some broader application of the provision. Complicating matters further, apart from the text of section 11362.45(d) itself, the Act and the Voter Guide do not contain any other statements referencing how Proposition 64

12

was intended to affect laws relating to cannabis in correctional facilities.

Despite such ambiguity, we must nonetheless attempt to discern which of the parties' interpretations is most reasonable. (See *Canty*, *supra*, 32 Cal.4th at p. 1277.) For the reasons that follow, we agree with the Attorney General that Proposition 64 is most reasonably construed as having no effect on section 4573.6 offenses.

> 1. *Section 11362.45(d) is most reasonably construed as encompassing laws that prohibit the possession of cannabis in prison*

Section 11362.45 expressly provides that Proposition 64 does "not amend, repeal, affect, restrict, or preempt" various categories of laws and rules related to cannabis, including "(d) Laws pertaining to smoking or ingesting cannabis [in correctional facilities]." As *Perry* and other decisions have observed, on its face, the phrase "laws pertaining to smoking or ingesting cannabis" is broad enough to encompass statutes that prohibit the possession of cannabis. (See *Perry, supra*, 32 Cal.App.5th at p. 891 [the term "pertain" has "wide reach"]; *Whalum, supra*, 50 Cal.App.5th at p. 11, rev. granted; *Herrera, supra*, 52 Cal.App.5th at p. 991, rev. granted.) In interpreting a statute, we generally "accord words their usual, ordinary, and common sense meaning." (*In re Rojas* (1979) 23 Cal.3d 152, 155.) Black's Law Dictionary defines "pertain" to mean "[t]o relate directly to; to concern or have to do with." (Black's Law Dict. (11th ed. 2019) p. 1383, col. 1.) Webster's Third New International Dictionary defines the term to mean, among other things, "to have some connection with or relation to something: have reference: relate." (Webster's 3d New Internat. Dict. (2002) p. 1688, col. 1.) Numerous other dictionary sources

similarly define "pertain" in terms of having reference to or a relation to.[8] As the Fourth District has aptly explained, "[a]ll of these definitions demonstrate that 'pertaining to' has a definition similar to the phrase 'relating to.' The phrase is plainly meant to refer to a *relation* between two things rather than an *exact correspondence*." (*Whalum*, at p. 11; see Garner, Dict. of Modern American Usage (1998), p. 47 ["pertain usually means 'to relate to; concern' "].) Thus, the text of section 11362.45(d) suggests the drafters did not intend the statute to encompass only laws that explicitly regulate ingesting or smoking cannabis in prison, but rather intended it to include laws that *relate* to smoking or ingesting cannabis in prison.

We think it clear that laws barring possession of cannabis in prison relate to drug *use*. The act of possessing cannabis and the act of using cannabis have an obvious relation insofar as "a person has to possess cannabis to smoke or ingest it." (*Whalum*, *supra*, 50 Cal.App.5th at p. 12, rev. granted; see *Perry*, *supra*, 32 Cal.App.5th at p. 891 ["[w]e would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance"].) Long before Proposition 64 was passed, our

---

[8] See Dictionary.com <https://dictionary.com/browse/pertains?=1> (as of Aug. 10, 2021) ("to have reference or relation; relate"); Oxford English Dictionary Online <https://www.oed.com/view/Entry/141585?redirectedFrom=pertain#eid> (as of Aug. 10, 2021) ("To relate *to*; to refer *to*. Frequently in present participle in *pertaining to*" (boldface omitted)); Cambridge Dict. <https://dictionary.cambridge.org/us/dictionary/english/pertain-to-something?q=pertain> (Aug. 10, 2021) (defining "pertain to something" to mean "to relate to or have a connection with something" (boldface omitted)).)

courts had repeatedly observed that while Penal Code section 4573.6 and its ancillary provisions (see Pen. Code § 4573 et seq.) target possession of drugs in prison rather than their use, the primary purpose of those provisions is nonetheless to deter drug use in such facilities: " '[T]he ultimate evil with which the Legislature was concerned [when enacting Penal Code section 4573 et seq.] was drug use by prisoners. Nevertheless, it chose to take a prophylactic approach to the problem by attacking the very presence of drugs and drug paraphernalia in prisons and jails.' [Citation.]" (*People v. Harris* (2006) 145 Cal.App.4th 1456, 1461 (*Harris*); see *Low, supra*, 49 Cal.4th at p. 388; *People v. Parodi* (2011) 198 Cal.App.4th 1179, 1186, fn. 4; *People v. Gutierrez* (1997) 52 Cal.App.4th 380, 386.) Indeed, there is no statute that specifically criminalizes the use of cannabis or any other type of drug in prison, nor did any such provision exist when Proposition 64 was adopted. Instead, through the adoption of Penal Code section 4573 et seq., the Legislature has aimed to eliminate drug use in prison by targeting the *possession* of those illicit substances. In that way, the Penal Code's prohibitions on drug possession in prison directly *pertain* to drug use.

The Attorney General's proposed reading of section 11362.45(d) finds further support in the text of the other subdivisions within that statute. Unlike subdivision (d), several of section 11362.45's other subdivisions utilize the terms "laws prohibiting" or "laws making it unlawful" when describing the categories of statutes that Proposition 64 does not amend or affect. Section 11362.45, subdivision (a), for example, exempts from Proposition 64's legalization provision laws making it "unlawful to" operate a vehicle while "smoking, ingesting, or impaired by, cannabis"; subdivision (b) exempts laws

"prohibiting" the sale or furnishing of cannabis to persons under 21 years of age; and subdivision (c) exempts laws "prohibiting" minors from engaging in any of the activities listed in section 11362.1.  Had the drafters intended to limit subdivision (d) in the manner defendants suggest, they could have incorporated language similar to that used in subdivisions (a) through (c) by exempting laws that "prohibit" smoking or ingesting cannabis in prison, or laws that make it "unlawful" to do so.  Instead, the drafters chose to use the modifying term "pertaining to," which implies an intent to encompass not only laws that actually *prohibit* smoking or ingesting cannabis, but also laws that have *a relation to* smoking or ingesting cannabis.

We also find it significant that the only existing laws regulating cannabis use and possession in correctional facilities target the act of possession, rather than use.  Thus, if section 11362.45(d) is interpreted to apply only to laws that bar the use of cannabis, the statute would not preserve any existing law relating to cannabis in prison from being "amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed]."  (*Ibid.*)  To the contrary, the statute would effectively operate to *remove* all of the central existing criminal prohibitions on cannabis in prisons, making it lawful to both possess and use the drug while incarcerated.[9]  Stated differently, defendants contend that the phrase "[s]ection 11362.1 does not amend, repeal, affect, restrict, or preempt" any

_____

[9]    Smoking (but not ingesting) cannabis in a correctional facility would presumably remain chargeable as an infraction under section 11362.3, subdivision (a)(2), which prohibits smoking cannabis "in a location where smoking tobacco is prohibited."  (See § 11362.4, subd. (b) [violation of § 11362.3, subd. (a)(2) is an infraction].)

"[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in prison (§ 11362.45(d)) is intended to convey that, as of the date of the initiative's enactment, possessing and using up to 28.5 grams of cannabis would now essentially be decriminalized in prisons. We agree with the Attorney General that if the drafters had intended to so dramatically change the laws regarding cannabis in prison, we would expect them to have been more explicit about their goals. Moreover, we think it likely that voters, who we must assume were aware that existing laws governing cannabis in prisons targeted possession rather than use (see *People v. Orozco* (2020) 9 Cal.5th 111, 118; *Williams v. County of San Joaquin* (1990) 225 Cal.App.3d 1326, 1332 [electorate is "conclusively presumed to have enacted the new laws in light of existing laws having direct bearing upon them"]), would have read section 11362.45(d) to retain those laws, rather than repeal them.

Finally, between the parties' two proposed interpretations, we find the Attorney General's construction to be more " 'compatible with common sense.' " (*In re Estate of Todd* (1941) 17 Cal.2d 270, 275 [" 'the language of a statute must be given a reasonable interpretation . . . and . . . , when opportunity arises, made compatible with common sense' "]; *City of Chula Vista v. Sandoval* (2020) 49 Cal.App.5th 539, 560 [" ' " 'if the clear meaning of the statutory language is not evident . . . , we will "apply reason, practicality, and common sense to the language at hand. If possible, the words should be interpreted to make them workable and reasonable [citations], . . . practical [citations], in accord with common sense . . . " ' " ' "].) While perhaps not illogical to distinguish between the possession and use of cannabis, it is nonetheless difficult to understand why the electorate would want to

preclude laws criminalizing cannabis possession in prison, but permit laws criminalizing cannabis consumption in prison. Defendants theorize that voters may have wanted to "decriminalize[] simple possession" while "retaining sanctions for those who actually use it" because "it is the consumption of marijuana that is the problem . . . ." But if voters were truly concerned about cannabis use in prison, why would they want to remove the existing penal provisions that target that very problem? Moreover, defendants have not identified any reason why a person might possess cannabis within a correctional facility other than to have it consumed by someone. (See *Perry, supra*, 32 Cal.App.5th at p. 892 ["For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?"].) Simply put, we are dubious that the voters intended to legalize the possession of cannabis in prison but permit laws that criminalize the use of cannabis in prison (of which there are currently none).

### 2. *Defendants' counterarguments*

Defendants raise numerous counterarguments in support of their assertion that Proposition 64 invalidates cannabis-related convictions under Penal Code section 4573.6. We find these arguments unavailing.

#### a. *Defendants' arguments regarding the text of section 11362.45(d)*

Defendants' primary contention is that if the drafters had meant section 11362.45(d) to extend to offenses involving the possession of cannabis, they would have expressly stated as much, just as they did in other provisions of Proposition 64. (See, e.g., §§ 11362.1, subd. (a)(1), (2), (3) & (5), 11362.3, subd. (a)(4), (5), 11362.45, subd. (f).) Section 11362.3, subdivision (4),

for example, states that persons are not permitted to "possess" an open container of cannabis in a vehicle, while subdivision (5) states that persons are not permitted to "possess, smoke or ingest cannabis" on school grounds while children are present. In defendants' view, these provisions demonstrate the "drafters knew how to reference possession when they wanted to. A voter would view possession outside the purview of section 11362.45(d) because the distinct acts of 'smoking or ingesting' are explicitly flagged but possession is not."

If section 11362.45(d) merely stated that Proposition 64 was not intended to affect laws prohibiting or criminalizing smoking or ingesting cannabis in prison, we would attach more significance to the absence of the term "possession." But the drafters chose broader language, exempting "[l]aws *pertaining to* smoking and ingesting" cannabis in prison. (*Ibid.*, italics added.) While using the word "possession" may well have provided a simpler means of encompassing laws that bar possession of cannabis in prison, we must nonetheless give effect to "pertaining," a term that generally "signals a relation to something." (*Whalum, supra*, 50 Cal.App.5th at p. 12, rev. granted.) And as explained above, we think it clear that possession of cannabis is directly related to smoking or ingesting the substance. (See *ante*, at pp. 13–15.) The conclusion that laws prohibiting possession of cannabis relate to cannabis consumption accords with our courts' long-standing acknowledgment that the primary intent of section 4573.6's prohibition of possession is in fact to stop "drug use by prisoners." (*Harris, supra*, 145 Cal.App.4th at p. 1461.) Indeed, there is no criminal provision that makes it unlawful to use cannabis or other controlled substances in prison; instead, the Legislature has elected to attack drug use in correctional

facilities by prohibiting "the ' "very presence" ' of such [substances] in the penal system." (*Low, supra,* 49 Cal.4th at p. 388.)  For all those reasons, we reject defendants' assertion that the absence of the term "possession" precludes section 11362.45(d)'s application to possessory offenses.[10]

---

[10]  Defendants similarly argue that if "pertaining to" was meant to include possession, the drafters could have used the phrase "pertaining to marijuana."  In their view, reading possession into the statute effectively "writes the limiting words ['smoking or ingesting'] out of the statute completely."  We do not agree that interpreting the term "pertaining to smoking or ingesting cannabis" to include possession offenses necessarily renders the words "smoking or ingesting" meaningless.  Rather, the inclusion of that language seems intended to signal that section 11362.45(d) is meant to encompass laws that relate to *the use* of cannabis.  The drafters could quite logically endeavor to limit the possible range of laws in this way (i.e., to all laws pertaining to smoking or ingesting of cannabis) to avoid invoking the much broader category of laws that relate in any conceivable way to cannabis, many of which would have no applicability in a prison setting, such as laws related to labeling, advertising, packaging, or transporting in an automobile.

Moreover, "like all . . . interpretive canons, the canon against surplusage is a guide to statutory interpretation and is not invariably controlling." (*People v. Valencia* (2017) 3 Cal.5th 347, 381 (conc. opn. of Kruger, J.) (*Valencia*), citing *People v. Cruz* (1996) 13 Cal.4th 764, 782; see *In re J.W.* (2002) 29 Cal.4th 200, 209; *Arlington Central School Dist. Bd. of Ed. v. Murphy* (2006) 548 U.S. 291, 299, fn. 1; *Lamie v. United States Trustee* (2004) 540 U.S. 526, 536.)  To the extent our interpretation results in some level of redundancy, we nonetheless believe it "is more consistent with voter intent" than defendants' proposed reading (*Rizo, supra,* 22 Cal.4th at p. 687 [canon against surplusage "is only a 'guide[] and will not be used to defeat legislative intent' "]), which would render section 11362.45(d)

Recognizing that the term "pertaining to" cannot be read out of the statute entirely, defendants posit that such language was simply intended to "encapsulate" other methods of cannabis consumption that "do not strictly involve smoking or ingesting." Defendants assert those alternative means include, for example, vaping and absorption through the skin. The Court of Appeal found this argument persuasive, explaining that "[b]y including the language 'pertaining to smoking and ingesting,' the drafters allowed for these various [additional] forms of consumption in prison to remain unlawful." (*Raybon, supra*, 36 Cal.App.5th at p. 122 ["We agree with defendants that consumption can be achieved in ways not strictly involving smoking or ingesting, such as inhaled as a nonburning vapor or applied topically such that it is absorbed through the skin"].)

We find defendants' proposed interpretation of "pertaining to" in section 11362.45(d) unpersuasive. First, we question defendants' unexamined assumption that the term "smoking or ingesting" is not broad enough to encompass the alternative means of consumption they have identified. Section 11362.3, subdivision (b)(2), for example, demonstrates that regardless of whether vaping is technically a form of smoking, the drafters appear to have equated those activities. (See *ibid.* [" 'Smoke' includes the use of an electronic smoking device that creates an aerosol or vapor, in any manner or in any form, or the use of any oral smoking device for the purpose of circumventing the prohibition of smoking in a place"].) Moreover, the term "ingest" is commonly defined to mean "to take in: swallow, *absorb*."

inapplicable to any existing statute and effectively legalize the possession and use of cannabis in prison.

(Merriam-Webster's Unabridged Dict. Online <https://unabridged.merriam-webster.com/unabridged/ingest> [as of Aug. 10, 2021], italics added; see Webster's 3d New Internat. Dict. (1993) p. 1162, col. 2; Roget's Thesaurus (5th ed. 1992) p. 938 [listing "absorb" as synonym of "ingest"].) That definition seems broad enough to incorporate cannabis consumed through topical applications or other forms of absorption.

Second, and more importantly, other sections of Proposition 64 strongly suggest the drafters intended the words "smoking or ingesting" to encompass all forms of consumption. Section 11362.1, subdivision (a)(4), for example, makes it legal to "[s]moke or ingest cannabis." Similarly, section 11362.3 prohibits "[s]mok[ing] or ingest[ing] cannabis" in public (*id.*, subd. (a)(1)), while on school grounds when children are present (subd. (a)(5)) and while driving or operating a motor vehicle (*id.*, subd. (a)(7)). Section 11362.45, subdivision (e) additionally provides that Proposition 64's legalization provision does not affect "[l]aws providing that it would constitute negligence or professional malpractice to undertake any task while impaired from smoking or ingesting cannabis."

In each of these circumstances, we believe the drafters intended "smoking or ingesting" to cover all forms of cannabis consumption. We find it doubtful, for example, that the drafters meant to prohibit people from smoking or eating cannabis while driving but permit them to vape or absorb cannabis products while driving. We are equally dubious that the drafters intended to allow laws providing that it would constitute professional negligence to undertake a task while impaired from smoking or eating cannabis, but not while impaired from vaping or absorbing cannabis. Because numerous other sections of

Proposition 64 appear to use the phrase "smoking or ingesting" to refer to all methods of consumption, we are not persuaded that the term "pertaining to" was merely intended to capture alternative means of consumption that do not strictly involve smoking or ingesting. Instead, as described above, we conclude that term is most reasonably construed as intending to broaden the scope of section 11362.45(d) to laws that *relate* to cannabis use, which necessarily includes possession offenses.[11]

Defendants also discount the absence of any law making it a crime to smoke, ingest or consume cannabis in prison or jail. They argue that section 11362.45(d) was never intended to carve out *preexisting* laws involving cannabis in prison, but rather was meant to authorize the Legislature to pass *future* laws that "proscrib[e] smoking or ingesting (or other forms of consuming) marijuana on jail or prison grounds, should legislators consider them appropriate." Defendants contend that in the absence of

---

[11]  Moreover, if the drafters were truly concerned that "smoking or ingesting" was not broad enough to encompass different forms of consumption, adding the term "pertaining to" would seem an odd way of trying to capture those alternative means of consumption. As we have explained, the term "pertain" generally signifies a direct relationship with something else. (See *ante*, at pp. 13–14.) Thus, using the phrase "laws pertaining to smoking or ingesting" seems a counterintuitive way to convey the concept that the law was intended to capture smoking or ingesting cannabis, along with any other *different* forms of consumption. (See *Whalum*, *supra*, 50 Cal.App.5th at p. 12, fn. 8, rev. granted ["Because 'pertaining to' means 'relating to,' someone would not normally describe the topical application or vaporizing of cannabis as 'pertaining to' the smoking or ingesting of cannabis, as they are different ways of using cannabis and therefore do not relate to one another"].)

section 11362.45(d), our Constitution would prevent the Legislature from passing such laws without the electorate's approval. (See Cal. Const. art. 2, § 10, subd. (c) [Legislature must obtain the electorate's approval before amending "an initiative statute by another statute . . . unless the initiative statute permits amendment . . . without [their] approval"].)

Assuming arguendo that the language of section 11362.45(d) permits the Legislature to pass or repeal laws that pertain to cannabis use in prison without electorate approval, we are not persuaded a reasonable voter would interpret that to be the sole intent of the provision. As explained above, if section 11362.45(d) were only meant to permit the Legislature to pass *future* laws criminalizing cannabis use in prison, one would expect some language clarifying that prospective intent. Instead, the statute states only that Proposition 64 does not "amend, repeal, affect, restrict, or preempt" any "[l]aws pertaining to smoking or ingesting cannabis" in prison. (§ 11362.45(d).) The clear implication is that the initiative would leave intact some existing restriction on cannabis in prison. We find defendants' proposed reading of this language — to convey that the initiative would remove existing penal restrictions regulating cannabis in prison but authorize the Legislature to pass future laws criminalizing cannabis use in prison — to be far more strained. (See *People v. Nuckles* (2013) 56 Cal.4th 601, 611–612 [a reviewing court should " 'not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent' "].)[12]

---

[12] Although multiple subdivisions of section 11362.45 are clearly intended to preserve *preexisting* laws (see § 11362.45,

Defendants next contend that section 11362.1, subdivision (a)'s use of the statutory phrase "notwithstanding any other provision of law" makes clear that adult possession of less than 28.5 grams of cannabis in prison no longer qualifies as a violation of Penal Code section 4573.6. The relevant clause of section 11362.1, subdivision (a)(1) states: "Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful . . . for persons 21 years of age to . . . [¶] . . . [p]ossess . . . not more than 28.5 grams of cannabis." As defendants note, " '[t]he statutory phrase "notwithstanding any other provision of law" has been called a " 'term of art' " [citation] that declares the legislative intent to override all contrary law.' [Citation.]" (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 983.) Defendants assert that because Penal Code section 4573.6's prohibition on cannabis possession in prison conflicts with Health and Safety Code section 11362.1's

---

subds. (a), (i)), other subdivisions seem intended to operate on a prospective basis. Subdivisions (g) and (h), for example, preserve public and private entities' "ability . . . to prohibit or restrict any of the actions or conduct otherwise permitted under Section 11362.1" within government buildings and on private property. Subdivision (d), however, does not speak in terms of retaining the Legislature's "ability" to act, and the preexisting statutory provisions barring drug possession in prison (see Pen. Code, §§ 4573.6, 4573.8) have long been understood as prophylactic measures intended to deter drug use in such facilities (see *ante*, at pp. 14–15). In light of these factors, we think section 11362.45(d) is more reasonably construed as incorporating preexisting possessory offenses, rather than operating solely to allow the Legislature to adopt laws prohibiting cannabis consumption in the future.

legalization provision, it is necessarily rendered inapplicable by the "notwithstanding" clause. This argument, however, overlooks the limiting language in section 11362.1 that expressly lists section 11362.45 as an *exception* to the "notwithstanding any other provision of law" clause. For the reasons discussed above, we are of the view that section 11362.45, subdivision (d)  carves out from Proposition 64's legalization provision offenses involving the possession of cannabis in prison. Accordingly, the "notwithstanding" provision is of no aid to defendants' interpretation.

Finally, defendants argue the Voter Guide provides "rich . . . support" for the conclusion that Proposition 64 was intended to legalize the possession of cannabis in prison. They note that the Voter Guide contains no language informing voters that Proposition 64 would leave in place existing prohibitions on cannabis possession in prison. Defendants also cite to a table in the Legislative Analyst's summary listing what activities would become lawful under the measure and what activities would remain unlawful. The section of the table addressing possession states that while it would be allowable for persons 21 or over to possess up to 28.5 grams of cannabis, it would not be allowable to possess cannabis on school grounds while children are present. (See Voter Guide, *supra*, analysis of Prop. 64 by the Legis. Analyst, p. 92, figure 2.) According to defendants, the electorate would have likely inferred from this table that possession in prison would become legal because such conduct was not listed as an activity that would remain unlawful.

We find nothing in the Voter Guide that provides substantial support for either side's interpretation. As defendants acknowledge, the Voter Guide does not contain a single reference to laws regulating cannabis in prisons nor does

it explain how Proposition 64 would impact those laws. While defendants argue voters would have inferred from such silence that possession in prison would become legal, we think it just as likely they would have interpreted such silence to mean that Proposition 64 would have no effect on existing laws prohibiting the possession of cannabis in prison. Moreover, it is clear the table that defendants have identified provided only an incomplete summary of what forms of conduct the Act would preclude. That table, for example, fails to note that possession of an open container of cannabis in a vehicle would remain unlawful and omits numerous other forms of conduct and laws that fall outside Proposition 64's purview, including most of the activities referenced in section 11362.45. Given the Voter Guide's total silence on the issue of cannabis in prison, we do not believe it would have any appreciable effect on voters' understanding of section 11362.45(d).

### b. *Defendants' arguments regarding the text of Penal Code section 4573.6*

Defendants additionally argue that even if section 11362.45(d) does generally extend to possession offenses, their convictions should nonetheless be dismissed because the act of possessing cannabis in prisons no longer falls within the category of conduct proscribed under Penal Code section 4573.6. Defendants note that the text of Penal Code section 4573.6 does not state that it is unlawful to possess any controlled substance in prison; rather, the statute states that it is unlawful to possess "a[] controlled substance[ ], the possession of which is prohibited by Division 10 . . . of the Health and Safety Code." In defendants' view, this statutory language means that Penal Code section 4573.6 applies only when the circumstances of the person's possession in prison would also violate an independent

prohibition on possession set forth in division 10. They further contend that while cannabis remains listed as a controlled substance, Proposition 64's addition of section 11362.1 and its amendments to section 11357 mean that there is no longer any provision in division 10 that prohibits an adult from possessing less than 28.5 grams of cannabis (except in limited circumstances not at issue here). As a result, defendants reason, their conduct no longer constitutes a violation of Penal Code section 4573.6, and their convictions must be dismissed.[13]

---

[13] The Attorney General argues that even if cannabis possession no longer violates Penal Code section 4573.6 on a prospective basis, we must nonetheless reject defendants' petitions because "the remedial procedure in Health and Safety Code section 11361.8" does not extend retroactive relief to persons who were previously convicted of violating that statute. Section 11361.8, subdivision (a) allows any person "who would not have been guilty of an offense, or who would have been guilty of a lesser offense" under Proposition 64 to file a petition seeking dismissal or resentencing "in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." The Attorney General appears to argue that because Penal Code section 4573.6 is not among the statutes listed in section 11361.8, subdivision (a), persons convicted of violating that section are not eligible for relief. We disagree with that analysis. If defendants are correct that cannabis possession is no longer a violation of Penal Code section 4573.6, that is a result of Proposition 64's new legalization provision (§ 11362.1) and the Act's amendments to section 11357, which had previously made it unlawful to possess nonmedical cannabis. Thus, defendants are in fact seeking relief "in accordance with" two of the statutes listed in section 11362.8, subdivision (a) "as those sections have been amended or added by the act." (*Ibid.*)

Our Courts of Appeal are currently divided as to the meaning of the phrase "any controlled substance[], the possession of which is prohibited by Division 10 . . . of the Health and Safety Code," which appears in multiple Penal Code sections regulating drugs in prisons. (Pen. Code, § 4573.6, subd. (a); see Pen. Code, §§ 4573, subd. (a) ["any controlled substance, the possession of which is prohibited by Division 10 . . . of the Health and Safety Code"], 4573.9 [same].) In *People v. Fenton* (1993) 20 Cal.App.4th 965 (*Fenton*), the Court of Appeal considered the meaning of that phrase within the context of Penal Code section 4573, which makes it unlawful to bring or send into a prison "any controlled substance, the possession of which is prohibited by Division 10." (Pen. Code, § 4573, subd. (a).) The defendant, who was found smuggling hydrocodone into a jail, argued that he could not be convicted under Penal Code section 4573 because he had had a physician's prescription for the substance, and thus his possession was not "prohibited by Division 10" of the Health and Safety Code. (See § 11350, subd. (a) [prohibiting possession of hydrocodone "unless upon the written prescription of a physician"].) The *Fenton* court agreed, concluding that Penal Code section 4573 was inapplicable because the manner of defendant's possession did not violate any provision in division 10. (*Fenton*, at p. 969.)

In *People v. Taylor* (2021) 60 Cal.App.5th 115, review granted April 14, 2021, S267344 (*Taylor*), the defendants relied on *Fenton* in arguing that Proposition 64's amendments to section 11357 mean that possession of less than 28.5 grams of cannabis in prison by an adult no longer qualifies as a violation of Penal Code section 4573.6. The court rejected that argument (and *Fenton*), concluding that "[b]ased on the entire statutory scheme, . . . the phrase 'any controlled substance, the possession

of which is prohibited by Division 10 . . .' [citation] refers to a general category of controlled substances, rather than a particular instance of possession, and encompasses those controlled substances, the possession of which *is in any way* prohibited by Division 10." (*Taylor*, at p. 130.) In the *Taylor* court's view, because cannabis possession remains unlawful under some circumstances, possession of cannabis in prison continues to qualify as a violation of Penal Code section 4573.6.

We need not resolve that dispute here. Regardless of how Penal Code section 4573.6 might apply with respect to other controlled substances, the unique language of Health and Safety Code section 11362.45(d) makes clear that the voters intended cannabis possession to remain a violation of that felony provision. There is no question that before the enactment of Proposition 64, possession of cannabis in prison qualified as a violation of Penal Code section 4573.6. Section 11362.45(d), in turn, expressly directs that Proposition 64's newly added legalization provision, which declares it is now lawful for adults to possess up to 28.5 grams of cannabis in most circumstances (§ 11362.1, subd. (a)(1)), does not "amend" or "affect" any laws pertaining to cannabis use in prison, which we have found to include possessory offenses. (See *ante*, at pp. 13–18.) Voters would have reasonably understood this language to mean that any preexisting laws regulating cannabis possession in prison would remain in place. Under that view, voters would expect cannabis possession to remain a violation of Penal Code section 4573.6 unless and until further amendments are made to the statutory scheme. (See Voter Guide, *supra*, text of Prop. 64, § 10, p. 210 [authorizing the Legislature to "amend, add, or repeal any provisions to further reduce the penalties for any of the offenses addressed by this [Act]"].) Under defendants'

interpretation of Penal Code section 4573.6, in contrast, Proposition 64 would directly "amend" or "affect" a law pertaining to smoking of ingesting cannabis. More specifically, their interpretation would "amend" and "affect" the scope of Penal Code section 4573.6 by making it no longer applicable to cannabis possession. (See *Perry, supra*, 32 Cal.App.5th at p. 896 ["We decline to adopt an interpretation of . . . Penal Code section 4573.6 that appears to be so at odds with the intent behind and language of Proposition 64"]; *Herrera, supra*, 52 Cal.App.5th at pp. 994–995, rev. granted [adopting *Perry's* reasoning].)[14]

The dissent takes a different view, though for reasons that are distinct from the arguments made by defendants or any other court that has addressed this issue. While agreeing that Health and Safety Code section 11362.45(d)'s carve-out provision operates to preserve cannabis-related convictions under Penal Code section 4573.8 (which makes it a felony to

---

[14] The Court of Appeal concluded that this case was controlled by its prior decision in *Fenton, supra*, 20 Cal.App.4th 965. (See *Raybon, supra*, 36 Cal.App.5th at pp. 116–119.) As the *Perry* court explained, however, the situation in *Fenton* was substantially different than the one presented here. Specifically, *Fenton's* conclusion that Penal Code section 4573 " 'permit[s] controlled substances to be in penal institutions under proper circumstances' [citation] . . . . did not conflict with any other provision of law. Here, a conclusion that Division 10 does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions. (§ 11362.45, subd. (d).)" (*Perry, supra,* 32 Cal.App.5th at p. 894.)

possess any drug or alcohol in prison), the dissent does not believe the carve-out provision preserves cannabis-related convictions under Penal Code section 4573.6, subdivision (a) (which applies to "controlled substances, the possession of which is prohibited in Division 10"). (See conc. & dis. opn. of Kruger, J., *post*, at pp. 1, 7.) According to the dissent, whether cannabis possession remains a violation of Penal Code section 4573.6 turns instead solely on the meaning of the clause, "controlled substance[], the possession of which is prohibited by Division 10." (*Id.*, subd. (a).) As noted above, the meaning of that language has divided our courts. (See *ante*, at pp. 28–30.) The dissent, however, declines to choose a side in that debate and would leave the question open. (See conc. & dis. opn. of Kruger, J., *post*, at p. 6.)

Before turning to the merits of the dissent's proposed interpretation of Proposition 64, we first address the dissent's assertion that there is no reason for this court to even decide whether cannabis possession remains a violation of Penal Code section 4573.6. The dissent reasons that it is unnecessary to address that issue because the defendants' petitions seek *dismissal* of their sentences, but the most relief they could possibly obtain under Proposition 64 would be resentencing pursuant to Penal Code section 4573.8's "relatively lighter" (conc. & dis. opn. of Kruger, J., *post*, at p. 8, fn. 3) triad of penalties. That reasoning rests on the assumption that Penal Code section 4573.8 might qualify as a "lesser offense" of Penal Code section 4573.6 within the meaning of Proposition 64's remedial provision. (See § 11361.8, subd. (a) [persons "currently serving a sentence for a conviction . . . who would not have been guilty of an offense, or who would have been guilty of a lesser offense [under Proposition 64]" may petition for "resentencing or

dismissal"].)   In the dissent's view, regardless of whether the defendants would be entitled to resentencing had they sought that remedy (another issue the dissent would leave open), they are not entitled to dismissal, negating the need to address Proposition 64's effect on Penal Code section 4573.6.

While the dissent concludes that we should avoid this issue entirely based on the manner the defendants have styled their request for relief, we think the question is properly before us and should be decided now.  Indeed, the defendants' briefs in both the Court of Appeal and this court include an *entire section* expressly arguing that even if section Health and Safety Code section 11362.45(d) generally extends to possessory offenses, the other changes Proposition 64 made to division 10 mean that cannabis possession no longer qualifies as a violation of Penal Code section 4573.6.  Moreover, whether cannabis possession remains a violation of Penal Code section 4573.6 is an issue that has already divided our lower courts and therefore requires resolution by this court.  We think the better course is to decide this fully briefed legal question now rather than avoid it merely because defendants described their request for relief as one seeking dismissal rather than resentencing.[15]

---

[15]   Deciding whether cannabis possession remains a violation of Penal Code section 4573.6 now also furthers the interest in judicial economy.  During the pendency of this case, we have granted and held over 40 cases addressing whether Proposition 64  legalized possession of cannabis in prisons.  A vast majority of those cases involve defendants who were convicted of violating Penal Code section 4573.6.  The dissent's proposed course would effectively force the five defendants in this case (along with every other similarly situated person seeking relief under Proposition 64) to refile new petitions under section

Turning to the merits of the dissent's interpretation, a brief review of Proposition 64's structure is helpful. The central provision of Proposition 64 is newly added section 11362.1, which declares that, subject to certain exceptions, it is now legal for persons age 21 years or older to engage in a wide array of cannabis-related conduct, including possessing up to 28.5 grams of the drug. To conform to section 11362.1's broad legalization provision, Proposition 64 also amended language in section 11357 that had previously made possession of up to 28.5 grams of cannabis an infraction. That amended language modifies section 11357 to state the penalties for conduct that falls outside the parameters of section 11362.1's legalization provision (i.e., possessing *more than* 28.5 grams of cannabis or possession by persons *under* the age of 21). Section 11362.45(d), in turn, states

_____

11361.8 seeking resentencing (rather than dismissal), requiring our lower courts to decide anew whether cannabis possession remains a violation of Penal Code section 4573.6. Given that the defendants have expressly raised and briefed whether cannabis possession remains a violation of Penal Code section 4573.6, we see no need to force them to relitigate (and for our lower courts to redecide) that pure question of law. The dissent suggests there might be some benefit to proceeding in that way because our lower courts would then be able to consider defendants' entitlement to resentencing "in a case in which the relevant arguments had been appropriately raised and litigated, which is not the case here." (Conc. & dis. opn., Kruger, J., *post*, at p. 8, fn. 3.) But whether cannabis possession remains a violation of Penal Code section 4573.6 is a *precursor* question our lower courts would have to answer before considering any possible entitlement to resentencing. The resolution of the Penal Code section 4573.6 issue here means our lower courts do not need to even reach the resentencing issue.

that Proposition 64's affirmative legalization provision has no effect on laws pertaining to cannabis use in prison.[16]

As described above, we think the key statutory language is not that complicated: Section 11362.45(d) references section 11362.1, which is the broadly worded catch all provision from Proposition 64 that declares it is now legal for adults to possess up to 28.5 grams of cannabis under most circumstances. Section 11362.45(d) then says that this broad legalization provision does not "amend, repeal, affect, restrict, or preempt" any "[l]aws pertaining to smoking or ingesting cannabis," which the dissent agrees encompasses possessory offenses. We think that when voters were told the broad pronouncement legalizing cannabis contained in section 11362.1 would not affect laws

---

[16] While at times referencing to section 11362.1 as a "legalization provision" (see, e.g., conc. & dis. opn. of Kruger, J., *post*, at p. 4), the dissent characterizes it as "in essence, a preemption provision" (*ibid.*), while describing section 11357 as a separate "legalization provision" (conc. & dis. opn. of Kruger, J., *post*, at p. 11). We disagree with those characterizations. Although section 11362.1 contains a preemption *clause*, that new provision — one of the very first provisions presented in Proposition 64 — also broadly pronounces that a wide range of cannabis-related conduct is now lawful, including the possession of not more than 28.5 grams of cannabis by persons over the age of 21. The amendments to section 11357, in comparison, appear far later in the text of Proposition 64 and in our view were made to conform to the broad legalization pronouncement made in section 11362.1. Stated differently, section 11362.1, not section 11357, is the "legalization provision" and the amendments to section 11357 simply ensure consistency with section 11362.1. Indeed, it would seem to make little sense to adopt a new provision declaring cannabis possession generally legal (section 11362.1), while leaving in place a preexisting statute declaring cannabis possession generally unlawful (section 11357).

prohibiting possession in prison, they would understand this language to mean that existing laws prohibiting cannabis possession in prison would remain in place.

The dissent disagrees, concluding that the language is, in fact, quite complicated. The dissent concludes that the voters were asked to journey through a phalanx of complex statutory cross-references and legal conclusions and, at the end of the journey, would have concluded that Proposition 64 might actually "amend, repeal, affect, restrict, [and] preempt" some laws prohibiting the possession of cannabis in prisons, but not others. The journey goes something like this: The dissent first contends that when voters were told Proposition 64's key legalization provision would have no effect on in-prison possession offenses, they would have understood that language to mean the initiative would have no effect on convictions under Penal Code section 4573.8, but might have an effect on convictions under Penal Code section 4573.6. In the dissent's view, voters would have come to this conclusion because they would have understood that section 11362.45(d)'s "no effect" clause references Proposition 64's legalization provision (§ 11362.1), but not the amendments made to section 11357. They then would have understood that Proposition 64 removed section 11357's previous general prohibition on cannabis possession and replaced it with more narrow prohibitions. They then would have realized that section 11357 is part of division 10 of the Health and Safety Code. And they would have noted that Penal Code section 4573.6 cross-references the prohibitions in division 10. (See Pen. Code, § 4573.6, subd. (a) [making it a felony to possess a "controlled substance[], the possession of which is prohibited under Division 10"].) Voters would then realize that because division 10 no longer contains a general

36

prohibition on cannabis possession (it instead conforms to Proposition 64's legalization provision by prohibiting a more narrow class of cannabis-related crimes involving persons under the age of 21 and quantities in excess of 28.5 grams), and because section 11362.45(d) fails to state that the amendments to section 11357 were not intended to affect prison offenses (it only cross-references section 11362.1's general legalization prohibitions), cannabis possession might no longer qualify as a violation of Penal Code section 4573.6.

But the work of the voter would *still* not be done. From that, the voters would then deduce that whether Proposition 64 affects convictions under Penal Code section 4573.6 will ultimately depend on how courts interpret the phrase "the possession of which is prohibited under Division 10" (which the dissent declines to do here). More specifically, they would understand that if the courts ultimately side with the *Fenton*'s line of analysis (see *ante*, at pp. 28–29), then criminal convictions under Penal Code section 4573.6 would be prohibited under most circumstances, but if courts side with *Taylor's* line of analysis (see *ante*, at pp. 29–30) criminal convictions under Penal Code section 4573.6 would remain unaffected by Proposition 64.

While the dissent has come up with an intricate interpretation, we do not think it is the most reasonable interpretation of the initiative. (See *People v. Jones* (1993) 5 Cal.4th 1142, 1150 (*Jones*) [when faced with ambiguous statutory language, our duty is to discern "the most reasonable reading of" the law].) Simply put, we are dubious that when voters were told Proposition 64's new legalization provision would have no effect on laws regulating possession of cannabis in prison, they would have understood that language to require

the complex series of deductions and statutory cross-references that the dissent's interpretation is built upon. (See *Valencia, supra,* 3 Cal.5th at pp. 370, 371 [while voters are presumed to " 'study and understand the content of complex initiative measures' " "it is unreasonable to presume that the voters had such a 'degree of thoroughness' that they . . . analyzed various provisions using the acumen of a legal professional"].) We do not read the language, "Section 11362.1 does not amend, repeal, affect, restrict, or preempt . . . [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis . . ." (§ 11362.45(d)) as meaning, as the dissent seems to read it: "We hereby (might) do away with the more serious criminal sanctions for cannabis possession in a penal setting under Penal Code section 4573.6, but people in prison may continue to be prosecuted and receive shorter sentences pursuant to Penal Code section 4573.8." If Proposition 64 were truly intended to have no effect on possessory offenses under Penal Code section 4573.8, but potentially preclude possessory offenses under Penal Code section 4573.6, we would expect the text to say so in a less convoluted manner.[17]

---

[17] The dissent finds it significant that while two published appellate decisions have concluded that Health and Welfare Code section 11362.45(d) operates to preserve cannabis convictions under Penal Code section 4573.6 (see *Perry, supra,* 32 Cal.App.5th at p. 896; *Herrera, supra,* 52 Cal.App.5th at pp. 994–995, rev. granted), the Attorney General did not expressly rely on that argument here and his briefing appears to leave open whether cannabis possession remains chargeable under that provision. (See conc. & dis. opn., Kruger, J., *post,* at pp. 8–9.) At oral argument, however, the Attorney General clarified that the People do believe cannabis possession remains a violation of Penal Code section 4573.6, citing the Sixth

The dissent's reading of section 11362.45(d) would also have curious consequences regardless of how our courts ultimately interpret the language in Penal Code section 4573.6 (which again, the dissent has declined to take a position on). Under the view espoused in *Taylor, supra*, 60 Cal.App.5th 115, review granted, cannabis possession, regardless of the defendant's age, would remain a violation of Penal Code section 4573.6 because division 10 still prohibits possession under some circumstances. (See *ante*, at pp. 29–30.) But under the view espoused in *Fenton*, only inmates under the age of 21 could be prosecuted under Penal Code section 4573.6, and therefore inmates under the age of 21 would face harsher felony treatment for possession of cannabis than inmates over the age of 21.[18] This means that if the dissent's theory ultimately came to fruition, culminating in the application of *Fenton*, 20-year-old inmates (or any 20 year old who happens to be on prison grounds) could be prosecuted under Penal Code section 4573.6,

District's decision in *Taylor, supra*, 60 Cal.App.5th 115 (see *ante* at pp. 29–30). Having embraced *Taylor's* conclusion that cannabis possession remains a violation of Penal Code section 4573.6, we find little significance in the fact that the Attorney General did not expressly approve of an alternative legal theory that results in the same outcome.

[18] As discussed above, *Fenton, supra*, 20 Cal.App.4th 965, concluded that Penal Code section 4573 (which includes the same operational language as Penal Code section 4573.6) applies only when the circumstances of defendant's possession would independently violate a provision in division 10. (See *ante*, at pp. 28–29.) Section 11357, in turn, retains prohibitions on possession by persons under the age of 21 (see § 11357, subd. (a)), meaning that possession by such persons would violate a provision in division 10. Thus, under *Fenton*, persons under the age of 21 could still be prosecuted under Penal Code section 4573.6.

but 21 year olds could not. We find it unlikely that the voters would have understood the text of sections 11362.45(d) and 11357 to mean that a 20-year-old inmate found in possession of cannabis would remain chargeable under Penal Code section 4573.6, but a 21-year-old inmate — perhaps in the same correctional facility and even sharing the same cell — who engaged in the same conduct would not. Indeed, such an outcome, particularly punishing less mature inmates more harshly than more mature inmates, would seem to make little sense in a penological setting.[19] So in the end, the dissent's interpretation either ends in the same place as the majority view (albeit, through a more winding road) or would mean that possession of cannabis in prison by persons under the age of 21 would face harsher felony treatment than persons over the age of 21.

It is true that the amendments Proposition 64 made to division 10 have created tension between the "no effect" principle set forth in Health and Safety Code section 11362.45(d) and Penal Code section 4573.6, subdivision (a)'s reference to controlled substances "the possession of which is prohibited under Division 10." When faced with such ambiguity, however, our task is " 'to identify the interpretation that best effectuates the [voters'] intent.' " (*Rossa v. D.L. Falk*

---

[19] While the dissent contends "the possibility that Proposition 64 affected charging under Penal Code section 4573.6 is not so far-fetched that we can dismiss it out of hand" (conc. & dis. opn., Kruger, J., *post*, at p. 13), it offers no justification for why the electorate would want to punish younger people more harshly for cannabis offenses in prison than more mature people. (See *Jones*, *supra*, 5 Cal.4th at p. 1150 [when interpreting ambiguous language, court's role is to ascertain "the most reasonable reading of" the law].)

*Construction, Inc.* (2012) 53 Cal.4th 387, 392; see *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act"].)  In this case, we think a more plausible conclusion is that when voters read language stating that the newly added statute legalizing adult possession of cannabis in most situations would have no effect on laws prohibiting possession of cannabis in prison, they would have understood that language as an assurance that Proposition 64 would not affect any preexisting laws prohibiting possession of cannabis in prison.  (See *Perry, supra,* 32 Cal.App.5th at pp. 895–896; *Herrera, supra,* 52 Cal.App.5th at p. 995, rev. granted.)

Indeed, as far as we are aware, no court has ever concluded (nor has any party ever argued) that voters would construe section 11362.45(d)'s reference to Proposition 64's central legalization provision, but not to the conforming amendments made to section 11357, as a signal that the initiative was intended to have different effects on convictions under Penal Code section 4573.6 versus those under Penal Code section 4573.8.  Or rather, that the initiative *might* have different effects on those two provisions depending on how our courts ultimately interpret the language of Penal Code section 4573.6.  By offering an interpretation that no other court or party has ever articulated, it seems it is the dissent that has "step[ped] out on its own."  (Conc. & dis. opn. of Kruger, J., *post,* at p. 9.)

### c.   *Defendants' policy arguments*

Defendants also raise a series of policy-related arguments, contending that the consequences of continuing to treat possession of small amounts of cannabis in prison as a violation

of Penal Code section 4573.6 is inconsistent with the public's evolving attitude toward the drug and its "changing views about the societal costs of incarceration." (See, e.g., Prop. 215, as approved by voters, Gen. Elec. (Nov. 5, 1996) [decriminalizing possession of cannabis possession if the person has a physician's oral or written recommendation]; Stats. 2010, ch. 708, § 1 [reclassifying possession of less than 28.5 grams of cannabis as an infraction]; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) [removing three strikes life sentences for those committing nonviolent felonies]; Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014) [reducing certain drug-related and theft-related offenses that previously were felonies or wobbler offenses]; Prop. 57, as approved by voters, Gen. Elec. (Nov. 8, 2016) [reducing prison terms for nonviolent offenders by advancing parole consideration dates].) They note that while possession of cannabis is now generally legal outside the confines of prison, the Attorney General's interpretation would subject inmates (and potentially anyone else on prison grounds) to two to four years of imprisonment for engaging in that same conduct when inside a custodial facility. Adding to the severity, for many inmates found in possession of cannabis, a section 4573.6 offense can constitute an in-custody second strike, resulting in a consecutive sentence adding anywhere from four to eight years of incarceration to their present term. This is likely to be a common result given that Penal Code section 4573.6 involves conduct committed on the grounds of a correctional facility. The present case is illustrative. As the result of strike enhancements, two of the five defendants received six-year consecutive sentences for possessing small amounts of cannabis, while a third defendant received a four-year consecutive sentence. (See *ante*, at p. 3, fn. 4.) In *Herrera,*

*supra*, 52 Cal.App.5th 982, review granted, the defendant was punished even more harshly, receiving an eight-year prison term after being found in possession of less than one gram of cannabis. (*See id.* at pp. 985–986.)

We are sympathetic to the view that section 11362.45(d) creates extreme disparity between how our legal system treats the possession of cannabis generally versus the possession of such a substance inside a correctional facility. That is also true of many other substances, including alcohol. (See Pen. Code, § 4573.8 [unauthorized possession of alcohol in prison constitutes a felony].) Some may well view an eight-year prison sentence for the possession of less than one gram of cannabis (one gram is the approximate weight of a single paper clip or a quarter teaspoon of sugar) as unduly harsh. The wisdom of those policy judgments, however, are not relevant to our interpretation of the statutory language. (See *Superior Court v. County of Mendocino* (1996) 13 Cal.4th 45, 53 ["The judiciary, in reviewing statutes . . ., may not undertake to evaluate the wisdom of the policies embodied in such legislation; absent a constitutional prohibition, the choice among competing policy considerations in enacting laws is a legislative function"].) Rather, our role is limited to determining the most reasonable construction of Proposition 64. For the reasons set forth above, we believe section 11362.45(d) is most reasonably construed to leave in place the prohibitions against cannabis possession in prison.

Our interpretation notwithstanding, prosecutors of course retain discretion whether a person found in possession of a small quantity of cannabis on prison grounds warrants felony treatment. (See *People v. Lucas* (1995) 12 Cal.4th 415, 477 ["Prosecutors have broad discretion to decide whom to charge, and for what crime. . . . '[A] district attorney's enforcement

authority includes the discretion either to prosecute or to decline to prosecute an individual when there is probable cause to believe he has committed a crime' "].) As defendants note, "there are already [prison] regulations in place . . . to punish and deter this conduct." Cannabis possession in prison remains classified as a serious rules violation that is subject to a custody credit forfeiture of between 121–150 days (see Cal. Code Regs., tit. 15, § 3323, subd. (d)(7)), which effectively translates into an additional four to five month jail sentence. Such conduct can also result in substantial loss of visitation rights, including up to three months of no visitation and three additional months of no contact visitation for a first offense, with increasing loss of visitation rights with each consecutive offense. (See Cal. Code Regs., tit. 15, § 3315, subd. (f).) Moreover, depending on the nature of the defendant's sentence, a rules violation involving the possession of cannabis could also impact parole eligibility. (See Cal. Code Regs., tit. 15, § 2281, subd. (c)(6) [circumstances tending to show unsuitability for parole for life prisoners include "Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail"].)

In cases where prosecutors do elect to pursue criminal punishment, they may consider a charge under Penal Code section 4573.8, which carries a lower sentence than Penal Code section 4573.6.[20] (See *ante*, at p. 7; see also *Whalum, supra,* 50 Cal.App.5th at p. 5, rev. granted ["As cannabis is a drug and a

---

[20] The Attorney General appears to agree with this suggestion, arguing that while possession of cannabis in prison remains chargeable under either Penal Code section 4573.6 or Penal Code section 4573.8, "going forward [such conduct] might be better charged . . . as a violation of Penal Code section 4573.8."

controlled substance regulated in division 10 of the Health and Safety Code [citations], both statutes have been used to convict prisoners who possesses cannabis" (italics omitted)].) Alternatively, depending on the defendant's circumstances, a prosecutor might recommend a disposition that does not require a prison term. (See Pen. Code, § 1170, subd. (h)(4) ["Nothing in this subdivision shall be construed to prevent other dispositions authorized by law, including pretrial diversion, deferred entry of judgment, or an order granting probation pursuant to Section 1203.1"].) Similarly, in cases where a defendant is convicted under Penal Code section 4573.6 and has a prior strike (as most of the defendants here did), the prosecution may move to dismiss the strike allegation, or the trial court may elect to do so on its own motion. (See Pen. Code, § 1170.12, subd. (d)(2), 1385, subd. (a); *Romero, supra*, 13 Cal.4th at pp. 529–530.) Finally, in cases where the defendant is already serving a sentence for a prior conviction under Penal Code section 4573.6, the prosecution or prison officials might recommend that the court recall the sentence previously ordered and resentence the defendant in the interests of justice pursuant to Penal Code section 1170, subdivision (d). (See Cal. Code Regs., tit. 15, §§ 3076–3076.2.)

The Legislature, in turn, remains free to revisit whether the harm associated with possessing small quantities of cannabis in or on the grounds of a correctional facility, conduct that is now generally lawful outside the confines of a correctional facility, continues to justify the substantial penalties set forth in Penal Code section 4573.6. (See Voter Guide, *supra*, text of Prop. 64, § 10, p. 210 [permitting the Legislature, by majority vote, to reduce the penalties for any offense addressed in Prop. 64]; *People v. Wilkinson* (2004) 33 Cal.4th 821, 840 [" 'The Legislature is responsible for

determining which class of crimes deserves certain punishments and which crimes should be distinguished from others' "]; *In re Lynch* (1972) 8 Cal.3d 410, 414 ["it is the function of the legislative branch to define crimes and prescribe punishments, and that such questions are in the first instance for the judgment of the Legislature alone"].)

### III. DISPOSITION

The judgment of the Court of Appeal is reversed, and the case is remanded for further proceedings consistent with this opinion.

**GROBAN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**JENKINS, J.**

PEOPLE v. RAYBON

S256978

Concurring and Dissenting Opinion by Justice Kruger

I agree with the majority that Proposition 64, fairly read, did not legalize cannabis possession in California's prisons and jails, even as it either overrode or lifted state and local prohibitions on possessing small quantities of cannabis in most other places.

It is, however, a separate question whether, after Proposition 64, prosecutors may continue to charge in-prison cannabis possession exactly as they have been — that is, by choosing at will between two overlapping felony statutes, one of which carries steeper penalties than the other, and whose coverage is expressly tied to the scope of state-law prohibitions applicable *outside of prison*. The majority concludes that prosecutors are still permitted to choose (though the majority encourages them to make their choices wisely). (Maj. opn., *ante*, at pp. 30–31, 43–45.) Because I do not think the particular reasons the majority gives for extending this permission can be squared with the statutory text, and because the majority's conclusions on this subject are unnecessary to resolve this case in any event, I do not join this portion of the majority opinion.

**I.**

For many decades, Penal Code section 4573.6 (section 4573.6) served as a general criminal prohibition on possessing contraband substances in prisons, jails, and other detention facilities. As originally enacted in 1949, former section 4573.6

1

made it a felony to possess "any narcotics, or drugs . . . , or alcoholic beverage" without authorization. (Stats. 1949, ch. 833, § 3, p. 1583.) So it remained (with occasional modifications not pertinent here) until 1990, when the Legislature determined that possession offenses involving controlled substances generally should be punished more harshly than the possession of other drugs or alcohol. (Legis. Counsel's Dig., Sen. Bill No. 2863 (1989–1990 Reg. Sess.) 5 Stats. 1990, Summary Dig., pp. 647–648; see Stats. 1990, ch. 1580, § 4, pp. 7555–7556.)

The result was a new two-part scheme for addressing the in-prison possession of contraband substances. As currently written, Penal Code section 4573.8 (section 4573.8) provides the basic prohibition, making it a felony to possess "drugs . . . or alcoholic beverages" without authorization. Like violations of the old version of section 4573.6, violations of section 4573.8 are punishable by imprisonment for 16 months, or two or three years in state prison. (Pen. Code, § 18.)

Section 4573.6, meanwhile, was recast as a prohibition on the possession of controlled substances, punishable by a steeper triad of penalties: two, three, or four years in state prison. By its terms, however, the revamped section 4573.6 does not purport to punish the possession of all controlled substances; rather, it punishes the possession of substances "the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code" — a division otherwise known as the California Uniform Controlled Substances Act. (Pen. Code, § 4573.6, subd. (a); see Health & Saf. Code, § 11000.) Possession of other drugs — i.e., drugs the possession of which is not prohibited by division 10 — may be prosecuted only under section 4573.8.

Since 1990, both section 4573.8 and section 4573.6 have been used to prosecute prisoners found in possession of cannabis. (See *People v. Whalum* (2020) 50 Cal.App.5th 1, 5, review granted Aug. 12, 2020, S262935.) Cannabis is, of course, a drug within the meaning of the basic prohibition in section 4573.8. (*Whalum*, at p. 5.) And before Proposition 64, division 10 also generally prohibited the unauthorized possession of cannabis (Health & Saf. Code, former § 11357), making cannabis a controlled substance "the possession of which is prohibited" for purposes of section 4573.6 (Pen. Code, § 4573.6, subd. (a)). (See also Health & Saf. Code, § 11054, subd. (d)(13) [provision of div. 10 listing cannabis as a Schedule I hallucinogenic drug]; *id.*, § 11007 defining " '[c]ontrolled substance' " to include Schedule I drugs.)

Enter Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act (the Act), which amended division 10 to substantially loosen cannabis restrictions.[1] In enacting the statute, voters found and declared an intent to, among other things, "incapacitate the black market" in cannabis "and move [cannabis] purchases into a legal structure with strict safeguards against children accessing it." (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 2, subd. D., p. 178.) Voters also declared an intent to "alleviate pressure on the courts" handling nonviolent drug offenses, "but continue to allow prosecutors to charge the most serious [cannabis]-related offenses as felonies, while reducing the penalties for minor [cannabis]-related offenses." (*Id.*, § 2, subd. G., p. 179.)

---

[1] Like the majority, I use the term "cannabis" instead of the original statutory term "marijuana," in keeping with subsequent legislative revisions to the statutory text. (See maj. opn., *ante*, at p. 1, fn. 1.)

Three provisions of Proposition 64 are particularly relevant to our analysis here, listed in the order in which they appear in the current version of the Health and Safety Code. First, voters amended Health and Safety Code section 11357 to lift its prohibitions on possessing small amounts of cannabis (28.5 grams or less) for most adults (prohibitions remain in place for individuals under 21) in most places (prohibitions remain for possession on school grounds). (Health & Saf. Code, § 11357, as amended by Prop. 64, § 8.1.)

Second, voters added a legalization provision displacing other state and local prohibitions on cannabis possession: "Subject to" various provisions, including newly added Health and Safety Code section 11362.45, "but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to" possess 28.5 grams of cannabis or less. (*Id.*, § 11362.1, subd. (a)(1), added by Prop. 64, § 4.4.) This legalization provision is also, in effect, a preemption provision; through the use of the "notwithstanding" clause, section 11362.1 signals that "its provisions prevail over all contrary laws prohibiting the activities that it legalizes, *except* as '[s]ubject to'" certain other provisions, including section 11362.45. (*People v. Whalum, supra,* 50 Cal.App.5th at p. 7, review granted, citing *In re Greg F.* (2012) 55 Cal.4th 393, 406.)

Third, voters enacted Health and Safety Code section 11362.45, which specifies certain exceptions from the legalization provision in section 11362.1 for various categories of laws. It provides, as relevant here: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution

under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice," or on the grounds of, or within, other detention facilities including local jails. (Health & Saf. Code, § 11362.45, subd. (d), added by Prop. 64, § 4.8 and amended by Stats. 2017, ch. 27, § 133.)

The central question presented in this case concerns the relationship between these latter two provisions, the legalization provision in Health and Safety Code section 11362.1 and the savings provision in Health and Safety Code section 11362.45, subdivision (d). Petitioner Goldy Raybon argues,[2] and the Court of Appeal below agreed, that the legalization provision — which says that "notwithstanding any other provision of law, it shall be lawful under state and local law" to possess 28.5 grams of cannabis or less (Health & Saf. Code, § 11362.1, subd. (a)(1)) — by its plain terms overrides any statute prohibiting possession of small amounts of cannabis, including both sections 4573.6 and 4573.8. Raybon further argues, and the Court of Appeal further agreed, that the savings provision in Health and Safety Code section 11362.45, subdivision (d), for prisons and other detention facilities does not apply because that provision refers only to "[l]aws pertaining to smoking or ingesting," and does not speak of laws pertaining to possession. It follows, in Raybon's telling, that in-prison cannabis possession is now lawful, and because it is lawful, he is entitled to have his prior section 4573.6 conviction wiped away under Proposition 64's resentencing provision. (Health & Saf. Code, § 11361.8, subd. (a).)

---

[2] Raybon's case has been consolidated in this court with that of four other petitioners; references in this opinion to arguments made by Raybon include those made by the petitioners in the consolidated cases.

I agree with the majority that Raybon takes too cramped a view of the savings provision, and thus too broad a view of the preemptive effect of the legalization provision. The phrase "[l]aws pertaining to smoking or ingesting" (*id.*, § 11362.45, subd. (d)) is perhaps inartful. But, fairly read, the language indicates that voters did not wish for section 11362.1's legalization provision to override laws prohibiting cannabis possession in prison — laws that bear an obvious and close logical relationship to smoking or ingesting cannabis in prison. (Maj. opn., *ante*, at pp. 13–27.)

The majority goes on, however, to answer the separate question whether, after Proposition 64, in-prison cannabis possession remains chargeable under section 4573.6. As the majority explains, this question raises an interpretive dilemma. Section 4573.6 incorporates the scope of prohibitions in division 10 of the Health and Safety Code, which Proposition 64 largely — but not completely — eliminated. The issue, then, is how section 4573.6 applies to the possession of controlled substances that division 10 prohibits in some situations but not others. This is an interpretive issue that predates Proposition 64, but which Proposition 64's regime of partial legalization has brought to the fore, and that has now become the subject of a conflict in the Courts of Appeal. (Compare *People v. Fenton* (1993) 20 Cal.App.4th 965, 966–967 [identical language in Pen. Code, § 4573 criminalizes the possession of substances only to the extent possession would be prohibited in like circumstances by div. 10] with *People v. Taylor* (2021) 60 Cal.App.5th 115, 131, review granted Apr. 14, 2021, S267344 [§ 4573.6 criminalizes possession of substances that are prohibited in any circumstances under div. 10]; see maj. opn., *ante*, at pp. 29–31.)

The majority decides to avoid this interpretive dilemma — which has not been adequately briefed in this court in any event — because it sees in Proposition 64's savings provision an alternative path to answering the charging question. In the majority's view, Health and Safety Code section 11362.45, subdivision (d), means not only that prison laws are exempt from the provision of Proposition 64 generally making it lawful to possess small quantities of cannabis (*id.*, § 11362.1), but that prison laws are not affected in any way by any other provision of the Act — not even indirectly, through section 4573.6's express incorporation of other provisions that were amended by Proposition 64.

For a number of reasons, I do not join this portion of the majority opinion. For one thing, it is unnecessary. We do not need to answer questions about post-Proposition 64 charging practices to resolve Raybon's claim concerning his pre-Proposition 64 conviction. Raybon's only argument here is that he is entitled to the retroactive dismissal of his prior conviction under Proposition 64 because he is a person "who would not have been guilty of an offense" had Proposition 64 been in effect at the time. (Health & Saf. Code, § 11361.8, subd. (a).) As the Attorney General notes, it is a full answer to observe that Proposition 64 did not legalize cannabis possession in prison; whatever indirect effect Proposition 64 may have had on future prosecutions under section 4573.6, cannabis possession remains punishable as a felony under section 4573.8. Because Raybon would have been guilty of that offense even had Proposition 64

been in effect at the time, he is not entitled to the only form of relief he has sought in this proceeding.[3]

The majority's alternative resolution of the issue also depends entirely on an argument about the import of Proposition 64's savings provision that none of the parties have made. While the Attorney General relies on the savings provision to argue that Proposition 64 did not legalize cannabis possession in prison, he expressly acknowledges that Proposition 64 might still "have an effect on future charging decisions." He explains that "due to the removal of certain

---

[3] Perhaps we would have needed to address the future of section 4573.6 if Raybon had asked the court for resentencing based on the differences between section 4573.6's relatively heavier penalties and section 4573.8's relatively lighter ones. (See Health & Saf. Code, § 11361.8, subd. (a) [authorizing resentencing for a person "who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense"].) But Raybon did not do so, instead opting to seek outright dismissal. There is therefore no need for us to decide here whether in-prison cannabis possession remains punishable under section 4573.6 as well as section 4573.8. Nor is there any reason for us to address any other interpretive issue that might arise in a case involving a request for resentencing under section 4573.8, including whether section 4573.8 qualifies as a lesser offense of section 4573.6. (Cf. maj. opn., *ante*, at p. 32.)

The majority observes that it is more efficient to reach this question here; were we instead to reserve it, Raybon and others like him would have to file new petitions seeking this more modest form of relief. (Maj. opn., *ante*, at pp. 33–34, fn. 15.) True. But were they to do so, we would presumably be able to address their statutory entitlement to that form of relief in a case in which the relevant arguments had been appropriately raised and fully litigated, which is not the case here.

prohibitions from division 10 of the Health and Safety Code, going forward, the possession of cannabis in a custodial institution might be better charged prospectively as a violation of Penal Code section 4573.8 (which prohibits the possession of drugs) rather than of Penal Code section 4573.6 (which prohibits the possession of controlled substances 'the possession of which is prohibited by Division 10')."  Despite ample encouragement from the two published appellate decisions adopting arguments much like the majority's (see maj. opn., *ante*, at pp. 31–32 & fn. 14 [citing cases]), the Attorney General has studiously avoided arguing that Proposition 64's savings provision for prison-related laws means that prosecutors may treat section 4573.6 as though it were partly suspended in amber, preserving division 10's cannabis-related prohibitions as they existed before the proposition passed.  In reaching this conclusion anyway, the majority steps out on its own.

But the most fundamental reason I do not join the majority on this issue — and the crux of our disagreement here — is that the majority's resolution of the issue depends on a reading of the savings provision that departs from its plain text.  As noted, Health and Safety Code section 11362.45, subdivision (d), is written as an exception to Proposition 64's legalization and preemption provision, providing that "Section 11362.1 does not amend, repeal, affect, restrict, or preempt" prison laws.  The majority reads this language as though it instead provided that *the Act* — as a whole — should not be understood to amend or affect laws relating to in-prison cannabis.  (E.g., maj. opn., *ante*, at pp. 40–41.)  This subtle but important substitution is what leads the majority to conclude that no matter how section 4573.6 "might apply with respect to other controlled substances," the "unique language" of the savings provision in section 11362.45, subdivision (d), requires

applying Health and Safety Code division 10's restrictions on cannabis precisely as they existed before Proposition 64. (Maj. opn., *ante*, at p. 30.)

The "unique language" of the savings provision is more limited than the majority acknowledges. The provision does not preserve prison-related laws from the Act in its entirety. (Accord, maj. opn., *ante*, at pp. 40–41.) Rather, by its terms, the savings provision carves prison laws out from only the legalization provision in Health and Safety Code section 11362.1, which had made cannabis possession lawful notwithstanding state and local laws to the contrary. This means prison laws are not subject to the preemptive effects of section 11362.1. But it says nothing about other effects that other provisions of Proposition 64 might have on the operation of prison-related laws such as section 4573.6. And it is ultimately the operation of those other provisions — in particular, the dramatically narrowed scope of restrictions on cannabis possession in Health and Safety Code section 11357 — that matters here.

Recall that section 4573.6 was written in a manner that explicitly ties its prohibition on in-prison possession of controlled substances to whether possession of that controlled substance is prohibited *outside of prison* under division 10. Recall also that before Proposition 64, it was understood that former section 4573.6 could be used to prosecute in-prison cannabis possession because division 10 (in Health & Saf. Code, former § 11357) generally prohibited cannabis possession without authorization. (See *People v. Whalum*, *supra*, 50 Cal.App.5th at p. 5, review granted.) Now, finally, recall that one of the many changes made by Proposition 64 was to lift the prohibitions in section 11357 on the possession of small

10

quantities of cannabis, for most people and in most settings. (See *ante*, at p. 3.)

Had Proposition 64 repealed all of Health and Safety Code division 10's restrictions on cannabis possession, then, as a textual matter, there could be no genuine question about whether in-prison cannabis possession could be prosecuted under section 4573.6. The answer would be no — possession could be punished only under section 4573.8, and the savings provision in Health and Safety Code section 11362.45, subdivision (d), would have nothing to do with it. The savings provision is not more relevant because Proposition 64 stopped short of full repeal.

The majority acknowledges the textual limitations of the savings provision, but dismisses them as a technicality. Yes, Health and Safety Code section 11362.45, subdivision (d), does no more than carve prison laws out from preemption through Proposition 64's affirmative legalization provision, Health and Safety Code section 11362.1. But, the majority argues, the amended Health and Safety Code section 11357 is a kind of legalization provision, too, as are various other provisions of the measure. (Maj. opn., *ante*, at p. 35, fn. 16 [arguing that the amendments to § 11357 were necessary "to conform to the broad legalization pronouncement made in section 11362.1"]; accord, *People v. Perry* (2019) 32 Cal.App.5th 885, 894.) Surely the voters who chose to save prison laws from preemption under section 11362.1 would also have wished to save prison possession laws from the indirect effects of cannabis legalization in these other provisions. (See maj. opn., *ante*, at pp. 35–36.)

The initial difficulty with this argument is that there is nothing in the materials before us to support this set of

assumptions about voter intent. Had voters intended to wall off prison laws from Proposition 64 entirely, it would have been easy enough to say so. Instead of referring specifically to Health and Safety Code section 11362.1, the savings provision in Health and Safety Code section 11362.45 could have been written to say that the Act as a whole "does not amend, repeal, affect, restrict, or preempt" prison laws, period. That is not how the provision was written, and the ballot materials contain no indication that this is how voters would have understood it. To the extent the ballot materials shed any light on voter intent at all, they point to a general intent to prescribe more lenient treatment for possessing small quantities of cannabis. While the savings provision indicates that voters intended to maintain restrictions on cannabis possession in prison, nothing in the ballot materials indicates that voters *also* intended to foreclose any possible, limited measure of leniency for individuals prosecuted under the harsher of two potentially applicable felony statutes forbidding cannabis possession in prisons and jails.

But the difficulty is even greater than attributing this sort of unexpressed intent to Proposition 64 voters, because here it is not only the voters' intent that counts; it is also the intent of the legislators who enacted the current versions of sections 4573.6 and 4573.8. The legislators who enacted the current set of prison possession laws deliberately chose to make possession of drugs in prison a felony offense punishable by the default penalties prescribed in Penal Code section 18, while reserving heightened felony punishment for possession of controlled substances whose possession would be prohibited under division 10. Even if we accepted for argument's sake that the voters who enacted Proposition 64 assumed no aspect of the measure would

have an effect on prison possession laws, it is unclear why, in the event of a conflict between the two sets of provisions, that assumption would or should prevail over legislators' intent to reserve harsher punishment for possession cases where possession would also be prohibited outside of prison under Health and Safety Code division 10.

The majority's remaining justifications for its approach focus on what the majority sees as its practical advantages over concluding that Proposition 64 did, in fact, affect charging under section 4573.6. The majority worries that the relationship between section 4573.6 and Proposition 64 is overly complicated, and that giving effect to that relationship could yield some "curious" results (maj. opn., *ante*, at p. 39). The majority also worries about the various additional questions we would need to answer, none of which have been briefed here, should a defendant in Raybon's position seek resentencing based on the different penalties prescribed in section 4573.6 and section 4573.8. None of these points, in my view, justifies refusing to read Health and Safety Code section 11362.45, subdivision (d), in accordance with its plain text.

As to the first point, the relationship between Penal Code section 4573.6 and Proposition 64 is not, near as I can tell, appreciably more complex than issues we have seen in other cases concerning the relationship between voter-initiated reform measures and preexisting criminal laws. (See, e.g., *People v. Romanowski* (2017) 2 Cal.5th 903; *People v. Gonzales* (2017) 2 Cal.5th 858.) Sometimes statutes are, in fact, complicated. And our cases have recognized that the most faithful reading of a statutory scheme is not always the simplest one — even when the scheme has been enacted in whole or in part by voters.

As to the majority's second point, the possibility that Proposition 64 affected charging under section 4573.6 is not so far-fetched that we can dismiss it out of hand. The practical result would be that prosecutors would be limited in most cases to charging cannabis possession in prison the same way the possession of other drugs or alcohol is charged, instead of charging it the same way as the possession of, say, heroin or methamphetamines. That result creates no obvious inconsistency with the overarching objectives of Proposition 64.

But to the majority's final point, I do share many of the majority's concerns about the various questions that could arise in future cases concerning the relationship between Proposition 64 and section 4573.6. This is precisely why I would not attempt to answer these questions here, and would instead await an appropriate case where the necessary arguments have been briefed and the issues joined. I write separately here because I do not think we should foreclose further exploration of these issues by leaning on Proposition 64's savings provision. The text will not withstand the weight.

## II.

The practical upshot of the majority opinion is this: Even though the heightened penalties under section 4573.6 are directly tied to the scope of prohibitions that were dramatically scaled back by Proposition 64, prosecutors may continue to charge in-prison cannabis offenses under that provision (at least in the absence of further legislation directing otherwise). For individuals previously convicted under section 4573.6 who might wish to have their sentences adjusted downward to the less harsh penalties prescribed by section 4573.8, any pathway that might otherwise have existed for resentencing under

current law has been closed off.  All this in a case that did not require laying down a rule with these broad consequences.

Because I do not think the majority's reasons for reaching this result fit with the relevant statutes, and because it is unnecessary to resolve the issue in this case in any event, I do not join this portion of the majority opinion.  In all other respects, I concur.

**KRUGER, J.**


**I Concur:**

**CUÉLLAR, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Raybon

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 36 Cal.App.5th 111
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S256978
**Date Filed:** August 12, 2021

_____

**Court:** Superior
**County:** Sacramento
**Judge:** Curtis M. Fiorini

_____

**Counsel:**

Paulino G. Durán and Steven Garrett, Public Defenders, David Lynch and Leonard K. Tauman, Assistant Public Defenders, for Defendants and Appellants.

Xavier Becerra and Rob Bonta, Attorneys General, Michael J. Mongan, State Solicitor General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Janill L. Richards, Principal Deputy State Solicitor General, Michael P. Farrell, Assistant Attorney General, Ryan B. McCarroll, Deputy State Solicitor General, Julie A. Hokans, Nicholas M. Fogg and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

David Lynch
Assistant Public Defender
700 H Street, Suite 0270
Sacramento, CA 95814
(916) 874-6958

Ryan B. McCarroll
Deputy State Solicitor General
1300 I Street
Sacramento, CA 95814
(916) 210-7668