Filed 11/15/21  P. v. Watts CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VERNELL WATTS,<br><br>    Defendant and Appellant. | 2d Crim. No. B300864<br>(Super. Ct. No. 17F-05805)<br>(San Luis Obispo County) |

Vernell Watts appeals an order denying his petition to recall and dismiss his 16-month consecutive prison sentence imposed in 2017 for violating Penal Code section 4573.8.  We affirm based on the California Supreme Court's recently filed opinion, *People v. Raybon* (2021) 11 Cal.5th 1056 (*Raybon*).

### Discussion

The petition alleged that appellant had been "convicted of possessing 0.75 grams of marijuana [cannabis] in prison in violation of Penal Code [section] 4573.8.  (Italics omitted.)  The petition was filed pursuant to Health and Safety Code section 11361.8, enacted in 2016 by Proposition 64, the initiative known

as the Control, Regulate and Tax Adult Use of Marijuana Act (Marijuana Act).[1]  Section 11361.8, subdivision (a) provides, "A person currently serving a sentence for a conviction . . . who would not have been guilty of an offense . . . under the . . . Marijuana Act had that act been in effect at the time of the offense may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction . . . ."

Appellant contends that his sentence "should have been recalled and dismissed as his possession of less than one ounce of marijuana has been decriminalized under section 11362.1," also enacted by Proposition 64.  (Capitalization omitted.)  Section 11362.1 "makes it lawful for persons aged 21 years and older to engage in various types of conduct involving cannabis, including the possession of up to 28.5 grams of cannabis (approximately one ounce), subject to certain exceptions."  (*Raybon, supra*, 11 Cal.5th at p. 1060.)

In *Raybon* our Supreme Court held:  Proposition 64 "is intended 'to maintain the status quo with respect to the legal status of cannabis in prison.'  [Citation.]  Thus, possession of cannabis in prison remains a violation of Penal Code section 4573.6," which "makes it a felony to possess a controlled substance in a state correctional facility."  (*Raybon, supra*, 11 Cal.5th at pp. 1059-1060.)  Possession of cannabis in prison also remains a violation of Penal Code section 4573.8, the statute under which appellant was convicted.  (*Raybon, supra*, at p. 1085 ["In cases where prosecutors do elect to pursue criminal punishment [for possession of cannabis in prison], they may consider a charge under Penal Code section 4573.8, which carries

---

[1] Unless otherwise stated, all statutory references are to the Health and Safety Code.

a lower sentence than Penal Code section 4573.6"].)  "Two different statutes make it illegal to possess cannabis in a correctional institution, with the difference being that one of the statutes applies to *all* drugs and alcohol (Pen. Code, § 4573.8) and the other applies only to controlled substances, the possession of which is prohibited under [D]ivision 10 of the Health and Safety Code (Pen. Code, § 4573.6).  As cannabis is a drug *and* a controlled substance regulated in [D]ivision 10 of the Health and Safety Code (§§ 11007, 11054, subd. (d)(13), 11357), both statutes have been used to convict prisoners who possess[] cannabis." (*People v. Whalum* (2020) 50 Cal.App.5th 1, 5, review granted Aug. 12, 2020, S262935.)

*Disposition*

The order denying appellant's petition is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

3

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Wayne C. Tobin, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.