Filed 12/14/21  P. v. Thigpen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092132 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20170011197) |
| v. | |
| AARON ANTHONY THIGPEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Aaron Anthony Thigpen filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTS AND HISTORY OF THE PROCEEDINGS

While defendant was incarcerated in a state prison, a correctional officer discovered that defendant had a latex bindle containing marijuana inside his mouth,

1

weighing 3.01 grams. Defendant was charged with one count of unlawful possession of a controlled substance while incarcerated in a state prison (Pen. Code, § 4573.6 [statutory section citations that follow are to the Penal Code]). It was further alleged that defendant had previously suffered a conviction for a strike offense (§§ 667, subd. (d), 1170.12, subd. (b)). The complaint was later amended to strike the reference to section 4573.6 and replace it with section 4573.8, which prohibits the unlawful possession of cannabis while incarcerated in a state prison, and defendant pleaded guilty to that count. In exchange for defendant's plea, the remaining allegation was stricken.

The trial court sentenced defendant to the lower term of 16 months in state prison. The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), a restitution fine of $300 (§ 1202.4, subd. (b)), an additional $300 parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45), and a county administrative fee of $30.

Defendant filed a pro per "Motion Requesting Relief Under Proposition 64 for the Modification of Sentence Imposed for Violation of Penal Code section 4573.6." Defendant cited *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978, which held that possession of marijuana in a state prison was no longer a crime. This holding was subsequently reversed by our Supreme Court in *People v. Raybon* (2021) 11 Cal.5th 1056. The superior court denied defendant's motion without comment.

Defendant filed a timely notice of appeal. Defendant filed an opening brief on February 1, 2021. On June 1, 2021, he filed a motion asking this court to strike the opening brief so that he could file a new opening brief. This court granted the motion. On July 16, 2021, defendant filed a new opening brief, asking to construe the brief as being a petition for writ of habeas corpus. This court rejected the brief for

nonconformance.  Counsel subsequently filed an opening brief pursuant to *Wende, supra*, 25 Cal.3d 436.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.  Having undertaken an examination of the entire record pursuant to *People v. Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
HOCH, J.

_____
KRAUSE, J.