Filed 1/24/22  P. v. Wright CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FLOYD HOWARD WRIGHT,<br><br>    Defendant and Appellant. | F079959<br><br>(Kern Super. Ct. No. MF006036A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Franson, J. and Peña, J.

**INTRODUCTION**

Appellant Floyd Howard Wright filed a petition to reduce his felony conviction to a misdemeanor. The court denied relief because his offense was not eligible for reduction pursuant to the provisions of Proposition 47 and Penal Code section 1170.18.[1]

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 7, 2003, an information was filed in the Superior Court of Kern County charging appellant with count 1, felony possession of marijuana by an inmate in state prison without proper authorization on December 2, 2002 (Pen. Code, § 4573.6), with three prior strike convictions.

On April 18, 2003, appellant pleaded guilty to felony count 1 as charged.

On May 16, 2003, the court granted appellant's request to dismiss two of the prior strike allegations. The court imposed the midterm of three years, doubled to six years as the second strike term, consecutive to the sentence he was already serving.

**PROPOSITION 47**

Proposition 47 was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added … section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or

---

[1] All further citations to "section 1170.18" are to the statute in the Penal Code.

2.

redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner. [Citation.]" (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law …." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief … may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction. [Citation.]" (*Ibid.*)

**Appellant's Petition**

On July 1, 2019, appellant filed, in pro. per., a petition for the court to resentence his felony conviction for possession of marijuana by an inmate to a misdemeanor, pursuant to the provisions of section 1170.18, subdivision (a). Appellant waived his appearance at the hearing on the petition.

On July 23, 2019, the court held a hearing on the petition and continued the matter. Appellant was represented by the public defender.

On August 13, 2019, the court held another hearing on the petition; the public defender again represented appellant. The court denied the petition.

On September 11, 2019, appellant filed a notice of appeal. On May 22, 2020, this court granted appellant's petition to construe the notice of appeal to be from the trial court's denial of his section 1170.18 petition for resentencing.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on March 23, 2020, we invited appellant to submit additional briefing. To date, he has not done so.

3.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[2]

## **DISPOSITION**

The court's order of October 2, 2019, denying appellant's petition for resentencing, is affirmed.

---

[2] Appellant was convicted of violating section 4573.6, an offense that was not amended by Proposition 47 or among the offenses expressly listed in section 1170.18 as eligible for resentencing from a felony to a misdemeanor. (§ 1170.18, subds. (a), (b).) It is also settled that possession of less than 28.5 grams of marijuana in prison remains a criminal violation of section 4573.6. (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.)