Filed 1/26/22  P. v. Mosley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DIMITRIC RENE MOSLEY, JR.,<br><br>Defendant and Appellant. | C090973<br><br>(Super. Ct. No. CH036039) |

A jury found defendant Dimitric Rene Mosley, Jr., guilty of conspiracy to bring into prison less than an ounce of cannabis.[1]  Defendant contends his conviction must be

---

[1]  In 2017, the Legislature substituted the term "cannabis" for "marijuana" in the Health and Safety Code.  (Stats. 2017, ch. 27, §§ 113-160; Health & Saf. Code, § 11032.)  Consequently, we use the term "cannabis" throughout this opinion for all purposes.

reversed under Proposition 64, which decriminalized adult possession of less than an ounce of cannabis in most situations. We will affirm the judgment.

## BACKGROUND

In June and July of 2016, defendant, while in prison, coordinated with his wife to bring 4.1 grams of cannabis into the prison. Defendant was charged with conspiracy to bring cannabis and methamphetamine into a state prison (Pen. Code, §§ 182, subd. (a), 4573) and possession of methamphetamine in prison (Pen. Code, § 4573.6). Before trial, the People dismissed the methamphetamine possession count and stated at trial the conspiracy charge was based only on bringing in cannabis.

On January 29, 2019, a jury found defendant guilty of conspiracy to bring cannabis into a state prison. Defendant was sentenced to the middle term of three years, doubled to six years for a prior strike conviction, to run consecutive to any sentence defendant is currently serving.

## DISCUSSION

Defendant argues that after Proposition 64, it is no longer illegal to bring 28.5 grams or less of cannabis into a prison. Consequently, defendant's conviction must be reversed because he cannot be guilty of a conspiracy to engage in a lawful act. Defendant also alleges ineffective assistance of counsel if his claim is forfeited.

Penal Code section 182 prohibits conspiring to commit any crime. (Pen. Code, § 182, subd. (a).) Penal Code section 4573 provides, in pertinent part: "any person, who knowingly brings or sends into, or knowingly assists in bringing into, or sending into, any state prison . . . any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . is guilty of a felony . . . ." (Pen. Code, § 4573, subd. (a).) In July 2016, at the time of defendant's offense, and immediately prior to Proposition 64 passing, Health and Safety

2

Code section 11357, subdivision (b)[2] made possession of not more than 28.5 grams of cannabis "an infraction punishable by a fine of not more than one hundred dollars ($100)." (§ 11357, former subd. (b), eff. Oct. 1, 2011 to Nov. 8, 2016.)

On November 8, 2016, voters approved Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. Among other things, Proposition 64 decriminalized cannabis possession and ingestion for adults over 21 years old in most circumstances. It accomplished this in several ways including adding section 11362.1. This section provides, in pertinent part: "notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to" possess not more than 28.5 grams of unconcentrated cannabis. (§ 11362.1, subd. (a).) Proposition 64 also amended section 11357, the provision prohibiting cannabis possession within division 10, to conform to section 11362.1. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, pp. 204-205.) Individuals who would not have been guilty of an offense had Proposition 64 been in effect at the time of their offense may petition to have their sentence recalled or dismissed. (§ 11361.8, subd. (a).)

There are several exceptions to the reach of section 11362.1's decriminalization under section 11362.45. This provision states, "Section 11362.1 does not amend, repeal, affect, restrict, or preempt" several classes of laws, including: "Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation . . . ." (§ 11362.45, subd. (d).)

The crux of defendant's appeal is that section 11362.45, subdivision (d) only excepted "smoking or ingesting" cannabis in prison from Proposition 64's

---

[2] Undesignated statutory references are to the Health and Safety Code.

decriminalization provisions, such that possession or bringing cannabis into prison is no longer illegal after Proposition 64. While defendant's appeal was pending, the California Supreme Court addressed and rejected this argument in *People v. Raybon* (2021) 11 Cal.5th 1056.

*Raybon* involved five cases in which a defendant was found to possess less than 28.5 grams of cannabis in prison and was convicted of violating Penal Code section 4573.6. (*People v. Raybon, supra*, 11 Cal.5th at p. 1060.) After analyzing Proposition 64, Penal Code section 4573.6, and section 11362.45, the Supreme Court held that Proposition 64 did not legalize possession of cannabis in prison. (*Raybon,* at p. 1066.) It reasoned the phrase " 'laws pertaining to smoking or ingesting cannabis' " in section 11362.45, subdivision (d) "is broad enough to encompass statutes that prohibit the possession of cannabis." (*Raybon,* at p. 1066.) It concluded this interpretation is supported by language employed elsewhere in Proposition 64, is consistent with other laws limiting drug use in prison, and is more " ' "compatible with common sense." ' " (*Raybon,* at p. 1069; see *id.* at pp. 1067-1069.) Thus, "possession of cannabis in prison remains a violation of Penal Code section 4573.6." (*Id*. at p. 1060.)

We are bound by this holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Although the Supreme Court analyzed Penal Code section 4573.6, which prohibits "possession" of a controlled substance in prison, and the instant case involves Penal Code section 4573, which prohibits "bringing" a controlled substance into prison, the Supreme Court's reasoning nevertheless applies here. Defendant does not articulate a reasoned distinction between bringing and possession in this context, we are not aware of one, and defendant relies on the Proposition 64 decriminalization of possession.

Finding defendant's conviction valid, we reject defendant's claim of ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless defense does not demonstrate ineffective assistance of counsel].)

4

DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
HOCH, J.


/S/
RENNER, J.