Filed 2/23/22  P. v. Campbell CA2/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELMER CAMPBELL,<br><br>    Defendant and Appellant. | B302318<br><br>(Los Angeles County<br>Super. Ct. No. MA067879) |

APPEAL from an order of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan, Blythe Leszkay, Toni R. Johns Estaville and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Elmer Campbell appealed from an order denying his petition to have his conviction for possessing marijuana in prison reduced or dismissed under the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64) (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) Prop. 64, § 1, p. 178).

In our original opinion filed in 2020, we noted a split of authority, soon to be resolved by the California Supreme Court, about whether Proposition 64 meant that possessing a small amount of marijuana in prison was no longer a felony. We sided with those courts holding that Proposition 64 barred felony charges in those circumstances. We therefore ruled in Campbell's favor and reversed the trial court.

After we issued our opinion, the California Supreme Court decided *People v. Raybon* (2021) 11 Cal.5th 1056 (*Raybon*), which held, contrary to our conclusion, that possession of marijuana in prison remained a felony violation notwithstanding the passage of Proposition 64. The Supreme Court also granted review in this case and has now transferred the matter with directions to vacate our decision and to reconsider the cause in light of *Raybon*.

The California Supreme Court's decision in *Raybon* is dispositive. Accordingly, we vacate our prior decision and affirm the trial court's order denying Campbell's petition.

## BACKGROUND

In 2016, Campbell pleaded nolo contendere to possessing contraband cannabis in prison (Pen. Code, § 4573.6, subd. (a)) and received a sentence of three years in state prison. Later that year, the electorate passed Proposition 64, which reduced cannabis-related crimes to misdemeanors. In 2019, Campbell petitioned to have his conviction redesignated and dismissed

2

under Health and Safety Code[1] section 11361.8, which allows a person currently serving a sentence for a conviction to petition for resentencing or dismissal if he or she would have been guilty of a lesser offense had Proposition 64 been in effect at the time of the offense.

The trial court denied his petition. We reversed, holding that Campbell's conduct was no longer a felony under Proposition 64. The People petitioned for review, which the California Supreme Court granted on March 10, 2021. On December 29, 2021, the Supreme Court transferred the matter to us with directions to vacate our decision and to reconsider the cause in light of *Raybon*, *supra*, 11 Cal.5th 1056.

## DISCUSSION

Penal Code section 4573.6 makes it a felony to knowingly possess any controlled substances in any state prison or similar custodial facility. Cannabis, or marijuana, is a controlled substance under division 10 of the Health and Safety Code. (§§ 11007, 11054, subds. (d)(13), (20).)

Proposition 64 legalized the possession of up to 28.5 grams of marijuana except in specific identified circumstances. "Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis; [¶] (2) Possess . . . not more than eight grams of cannabis in the form of concentrated cannabis . . . ;

---

[1] All further statutory references are to the Health and Safety Code.

[¶] (3) Possess, plant, cultivate, harvest, dry, or process not more than six living cannabis plants . . . ; [¶] (4) Smoke or ingest cannabis or cannabis products; and [¶] (5) Possess, . . . use, . . . or give away cannabis accessories to persons 21 years of age or older without any compensation whatsoever." (§ 11362.1, subd. (a).)

Section 11362.45 describes various categories of laws and rules that Proposition 64 did not affect. Section 11362.45, subdivision (d) states that Proposition 64 does "not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code."

*Raybon*, *supra*, 11 Cal.5th at page 1060, resolved a split of authority about whether Proposition 64 meant that possession of small amounts of marijuana in prison was no longer a felony under Penal Code section 4573.6. After analyzing Proposition 64, Penal Code section 4573.6, and section 11362.45, *Raybon* held that Proposition 64 did not legalize possession of cannabis in prison. (*Id*. at p. 1066.) Our Supreme Court reasoned that the statutory directive in section 11362.45, subdivision (d), stating that Proposition 64 does not repeal " 'laws pertaining to smoking or ingesting cannabis' " in prison "is broad enough to encompass statutes that prohibit the possession of cannabis." (*Raybon,* at p. 1066.) Thus, "possession of cannabis in prison remains a violation of Penal Code section 4573.6." (*Id*. at p. 1060.)

4

We are bound by *Raybon*'s holding.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  The only issue raised by Campbell on appeal was his claim that Proposition 64 precluded charging him with a felony for possessing less than a gram of marijuana in prison.  *Raybon* decided that issue adversely to Campbell.  Thus, upon reconsideration, we agree with the People that the trial court properly denied Campbell's petition on the merits.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


LIPNER, J.[*]


We concur:



LAVIN, Acting P. J.



EGERTON, J.


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.