Filed 3/16/22  P. v. Wiggins CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LORD GREGORY WIGGINS,<br><br>Defendant and Appellant. | F082248<br><br>(Super. Ct. No. DF013667A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Helen Hoeffel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Lord Gregory Wiggins contends on appeal the trial court erred when it sentenced defendant for possession of cannabis in prison because Proposition 64 decriminalized such possession.  We affirm.

## PROCEDURAL SUMMARY

On October 3, 2018, the Kern County District Attorney filed an information charging defendant with knowingly possessing marijuana in prison (Pen. Code, § 4573.6;[1] count 1) and willfully and unlawfully possessing a cellular phone in prison (§ 4575, subd. (a); count 2).  The information also alleged that defendant had previously served two separate prison terms following felony convictions in 2012 and 2014 (§ 667.5, former subd. (b)).

On December 15, 2020, defendant pled no contest to an amended count 1 (§ 4573.8).  Count 2 (§ 4575, subd. (a)) and the one-year enhancement allegations (§ 667.5, former subd. (b)) were dismissed.  Defendant reserved the right to appeal his conviction.

On January 8, 2021, defendant was sentenced to a low-term sentence of 16 months to run concurrently with the term he was already serving, plus fines and fees.

On January 11, 2021, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On September 9, 2017, defendant was serving a prison sentence in Wasco State Prison.  A correctional officer found defendant smoking cannabis in his prison cell. Officers subsequently searched defendant's cell and found a cellular phone, phone charger base and cord, and five small bindles of cannabis containing less than 28.5 grams in total.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

## DISCUSSION

Defendant contends the trial court erred when it sentenced defendant for possession of less than 28.5 grams of cannabis in prison because he contends that it is no longer a crime under the plain language of Health and Safety Code sections 11362.1 and 11362.45 pursuant to Proposition 64. The People argue California law continues to prohibit the possession of cannabis in prisons, jails, and other custodial institutions. We agree with the People.

Section 4573.6 states in pertinent part, "(a) Any person who knowingly has in his or her possession in any state prison … any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, … without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison … or by the specific authorization of the warden, … is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." (§ 4573.6, subd. (a).)

Cannabis is a controlled substance (Health & Saf. Code, §§ 11007, 11054, subd. (d)(13)) and the possession of more than 28.5 grams of cannabis or 8 grams of concentrated cannabis is prohibited (Health & Saf. Code, § 11357, subd. (b)).

In November 2016, the voters passed Proposition 64, also known as the Control, Regulate and Tax Adult Use of Marijuana Act. (Prop. 64, approved by voters, Gen. Elec. (Nov. 8, 2016).) Proposition 64 makes it lawful for persons aged 21 years and older to engage in various types of conduct involving cannabis, including the possession of up to 28.5 grams of cannabis (approximately one ounce), subject to certain exceptions. (See Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 4.4, p. 180 (Voter Guide); Health & Saf. Code, § 11362.1, subd. (a).)

Proposition 64 also includes a remedial provision that allows persons currently serving a sentence for a cannabis-related crime that is no longer an offense under

3.

Proposition 64 to file a petition requesting the dismissal of their sentence. (Voter Guide, *supra*, text of Prop. 64, § 8.7, p. 207; Health & Saf. Code, § 11361.8, subd. (a).)

However, a savings clause contained in Health and Safety Code section 11362.45, subdivision (d), specifies that new legislation would not "amend, repeal, affect, restrict, or preempt" any "[l]aws pertaining to smoking or ingesting cannabis or cannabis products" in state prisons or similar custodial institutions. (Health & Saf. Code, § 11362.45, subd. (d).)

The Supreme Court recently determined in *People v. Raybon* (2021) 11 Cal.5th 1056 that possession of cannabis in prisons was not decriminalized by Proposition 64. The court stated, "[T]he phrase '[l]aws pertaining to smoking or ingesting cannabis' [citation] is broad enough to encompass statutes that criminalize possession. Moreover, there is no law that makes it a crime to smoke, ingest or use cannabis (or any other form of drug) in prison. Instead, the Legislature has taken a ' " 'prophylactic' " ' approach to the problem of drug use in prison by criminalizing only the possession of such drugs. [Citation.] Thus, … [Health and Safety Code] section 11362.45, subdivision (d)'s carve-out provision would fail to preserve *any* preexisting law regulating cannabis in prisons from being 'amend[ed], repeal[ed], affect[ed], restrict[ed], or preempt[ed]' ([Health & Saf. Code,] § 11362.45), and would instead render the possession and use of up to 28.5 grams of cannabis in prison entirely lawful. It seems unlikely that was the voters' intent. Stated differently, it seems implausible that the voters would understand the requirement that Proposition 64 does not 'amend, repeal, affect, restrict, or preempt' any '[l]aws pertaining to smoking or ingesting cannabis' ([Health & Saf. Code,] § 11362.45, subd. (d)) to convey that, as of the date of the initiative's enactment, possessing and using up to 28.5 grams of cannabis would now essentially be decriminalized in prisons. In our view, the more reasonable interpretation of [Health and Safety Code] section 11362.45, subdivision (d) is that the statute is intended 'to maintain the status quo with respect to the legal status of cannabis in prison.' [Citation.] Thus, possession of cannabis in prison

4.

remains a violation of … section 4573.6." (*People v. Raybon*, *supra*, 11 Cal. 5th at pp. 1059–1060.)

Accordingly, the trial court here did not err when it sentenced defendant for possession of cannabis in prison because Proposition 64 did not decriminalize such possession.

## **DISPOSITION**

We affirm.