Filed 5/5/22  P. v. Carrasco CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE ANDRES CARRASCO, <br><br> Defendant and Appellant. | F083135 <br><br> (Tuolumne Super. Ct. No. CRF65488) <br><br><br> **OPINION** |

**<u>THE COURT</u>**\*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Donald Segerstrom, Jr., Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant Jose Andres Carrasco entered into a negotiated disposition and was sentenced to the second strike term of four years in state prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2020, appellant was an inmate at the Sierra Conservation Center, when an officer conducted a random search of his possessions contained in a locker secured by a combination lock that appellant controlled. The officer found 1.976 grams of marijuana, a usable amount. Appellant was not authorized to possess marijuana.[1]

On December 23, 2020, a complaint was filed in the Superior Court of Tuolumne County charging appellant with count 1, possession of a controlled substance, marijuana, in state prison without authorization (Pen. Code, § 4573.6),[2] with one prior strike conviction.

On April 21, 2021, the preliminary hearing was held, and appellant was held to answer. On the same day, the complaint was refiled and deemed to be the information.

On June 7, 2021, appellant entered into a negotiated disposition, pleaded guilty to count 1, and admitted the prior strike conviction, for a stipulated lower term of two years doubled to four years as the second strike term. The negotiated disposition included a waiver of the right to appeal and a provision that appellant could file a petition for writ of habeas corpus on any claim that possession of marijuana in prison was not a crime.

On July 6, 2021, the court sentenced appellant to the lower term of two years, doubled to four years as the second strike term, consecutive to the sentence he was

---

[1] The facts are from the preliminary hearing.
[2] All further statutory citations are to the Penal Code unless otherwise indicated.

already serving.  The court also imposed a restitution fine of $1,200 (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45).

On August 3, 2021, appellant filed a timely notice of appeal and requested a certificate of probable cause as to whether possession of marijuana in prison was a felony punishable by a state prison sentence.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court.  The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court.  By letter on December 2, 2021, we invited appellant to submit additional briefing.  He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## DISPOSITION

The judgment is affirmed.

---

[3] On August 12, 2021, shortly after appellant was sentenced, the California Supreme Court held that an inmate's possession of a small amount of marijuana remained a criminal offense after the enactment of Proposition 64.  (*People v. Raybon* (2021) 11 Cal.5th 1056, 1058–1060.)

3.