Filed 10/30/23  P. v. Haney CA5
Opinion following transfer from Supreme Court

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> KEVIN ANDREW HANEY, <br><br> Defendant and Appellant. | F081735 <br><br> (Super. Ct. No. DF014703A) <br><br><br> **OPINION** |

### THE COURT<sup>*</sup>

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman, Christopher J. Rench and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>     Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

This matter returns to us on transfer from our Supreme Court after its decision in *People v. Prudholme* (2023) 14 Cal.5th 961 (*Prudholme*), with directions to vacate our prior opinion and reconsider.

Defendant Kevin Andrew Haney pled no contest to felony possession of marijuana in a prison in violation of Penal Code section 4573.6.[1]  His plea agreement included a term that permitted him to appeal the question of whether possession of less than 28.5 grams of marijuana (not in the form of concentrated cannabis) in prison remained a crime in light of the changes in the law effected by the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64).  He now appeals contending that Proposition 64 decriminalized the offense for which he was convicted.  The People disagree.

While defendant's appeal was pending, the Governor signed Assembly Bill Nos. 1869 (Assembly Bill 1869) and 1950 (Assembly Bill 1950) (2019–2020 Reg. Sess.).  We afforded the parties an opportunity to submit supplemental briefing regarding the impact of Assembly Bill 1950 on defendant's three-year term of probation and the impact of Assembly Bill 1869 on the imposed probation supervision costs.  The parties agree that the costs imposed for probation supervision are unenforceable and uncollectable and, in light of *Prudholme*, defendant's term of probation must be reduced to two years.  We reduce his term of probation to two years and strike the condition of his probation requiring him to pay the cost of his probation supervision.  As modified, we affirm.

## PROCEDURAL SUMMARY

On October 18, 2019, the Kern County District Attorney filed a complaint charging defendant with felony possession of marijuana in a state prison (§ 4573.6, subd. (a); count 1).  The complaint further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667,

---

[1]     All further statutory references are to the Penal Code.

subds. (b)–(j), 1170.12, subds. (a)–(d)) and had served a prior prison term (§ 667.5, subd. (b)).

On January 9, 2020, pursuant to a negotiated plea agreement, defendant pled no contest to count 1 and admitted the prior strike conviction. In exchange, the plea agreement required dismissal of the prior prison term allegation and a term of four years, suspended pending completion of felony probation. The duration of probation was not negotiated in the plea agreement, but the plea agreement did specify that the maximum term of probation was five years. The plea agreement also provided that defendant could appeal the conviction on Proposition 64 grounds.

On the same date, on defendant's motion, the trial court struck the prior strike conviction allegation pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On September 3, 2020, the trial court suspended imposition of sentence and granted defendant probation for a term of three years. The court further ordered defendant to pay various costs, fines, and fees, including the cost of probation supervision in the amount of $40 per month.

On September 8, 2020, defendant filed a notice of appeal.

On November 18, 2021, this court filed its now-vacated opinion.

On December 28, 2021, defendant filed a petition for review.

On September 20, 2023, our Supreme Court transferred the matter to us with directions to vacate our decision and reconsider in light of *Prudholme*.

## FACTUAL SUMMARY

Defendant possessed marijuana while in custody in a state prison.

## DISCUSSION

### A. *Possession of Marijuana in Prison*

Until recently, California Courts of Appeal were split on the issue of whether possession of less than 28.5 grams of marijuana in prison remained a crime after

3.

Proposition 64 became effective. Our Supreme Court has resolved that split. "[P]ossession of cannabis in prison remains a violation of Penal Code section 4573.6." (*People v. Raybon* (2021) 11 Cal.5th 1056, 1060.) We are bound by our Supreme Court's holding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) For that reason, we affirm defendant's conviction.

### B. Assembly Bill 1950

Effective January 1, 2021, Assembly Bill 1950 amended sections 1203a and 1203.1 to limit the maximum term of probation a trial court is authorized to impose for most felony offenses to two years and most misdemeanor offenses to one year. (§§ 1203a, subd. (a), 1203.1, subds. (a) & (m), as amended by Stats. 2020, ch. 328, §§ 1, 2.) Our Supreme Court has concluded that Assembly Bill 1950 is retroactive pursuant to *In re Estrada* (1965) 63 Cal.2d 740. (*Prudholme*, *supra*, 14 Cal.5th at p. 966.) Therefore, the amendments to sections 1203a and 1203.1 apply to all cases not final on Assembly Bill 1950's effective date. (*Ibid.*; *Estrada*, at p. 742.)

As the parties agree, as do we, defendant's case was not final on January 1, 2021, and he was sentenced to a term of felony probation exceeding two years for a crime of conviction that is not a violent felony exempted from the two-year limit on felony probation. (§§ 1203.1, subd. (m), 667.5, subd. (c).) Defendant is entitled to the benefit of Assembly Bill 1950.

In *Prudholme*, our Supreme Court clarified the appropriate remedy when a defendant who entered into a plea agreement for a set term of probation is entitled to relief pursuant to Assembly Bill 1950. (*Prudholme*, *supra*, 14 Cal.5th at pp. 978–979.) "[B]y enacting Assembly Bill 1950, the Legislature intended that its new limitations on the maximum term of probation in amended section 1203.1 should be applied to existing, nonfinal plea agreements while otherwise maintaining the remainder of the bargain." (*Id.* at p. 979.) "The proper remedy … is to modify the judgment to reflect the new probationary term of two years." (*Ibid.*)

4.

After transfer by our Supreme Court, the People concede that "the proper remedy [is] … to modify the judgment to reflect the new probationary term of two years." Defendant agrees, as do we. Accordingly, we modify defendant's term of probation to two years.

### C.  Assembly Bill 1869

Effective July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, which previously allowed collection of costs for probation supervision. (Stats. 2020, ch. 92, §§ 2, 11, 47, 62.)  The parties agree that the unpaid balance on the trial court's order requiring defendant to pay the costs for his probation supervision is now unenforceable and uncollectable.  We strike the portion of the order requiring defendant to pay costs of probation supervision imposed pursuant to former section 1203.1b.

## DISPOSITION

Defendant's term of probation is modified to two years and the portion of the judgment requiring defendant to pay costs of probation supervision is stricken.  As modified, we affirm.